KELSEY *vs.* THE STATE OF GEORGIA.

(This case was argued at the last term and decision reserved.)

Where the evidence is conclusive that the carnal knowledge was realized, and the only possible question is concerning the force and the consent, a verdict finding the prisoner guilty of an assault with intent to rape is contrary to law. It is expressly inhibited by section 4674 of the Code.

Criminal law. Rape. Before Judge HILLYER. Fulton Superior Court. April Term, 1878.

Kelsey was placed upon trial for the offense of rape alleged to have been committed upon the person of Alice Kennedy. He pleaded not guilty. The evidence showed that intercourse was had between the parties, the points of contest being whether the defendant used force, or whether the transaction was with the consent of Miss Kennedy. The jury found the defendant guilty of an assault with intent to commit rape. He moved for a new trial because the verdict was contrary to law and evidence. The motion was overruled and he excepted.

JOSEPH H. SMITH; F. A. KIRBY; FRANK L. HARALSON, for plaintiff in error.

B. H. HILL, JR., solicitor-general, for the state.

BLECKLEY, Justice.

Miss Kennedy was the only witness whose testimony went directly to the criminal act. If she is to be believed, the carnal knowledge was realized, forcibly and against

her will.   There is absolutely no evidence of an unsuccessful attempt—of a mere assault with intent to commit a rape. The circumstances detailed by the witness being all considered, there is more room to doubt upon the point of force and consent than there is upon the fact of accomplished intercourse.   The transaction was continuous, from the first overtures made on the occasion, to the consummation of the deed, and it cannot, therefore, be said that there were two offences committed, both a rape and an assault with intent to rape.   According to her evidence (and hers is the only testimony on the subject) she held out to the last, and never did consent.   She is equally explicit as to the persistence of the force, and as to the prisoner's success in violating her person.   She does not pretend that she was not ravished, but swears that she was; and yet the jury have found that she was not, discrediting her, as it would seem, on this vital part of the state's case, while giving her full credit in reference to the prisoner's force and her non-consent.   The record discloses no reason why her credibility should be thus divided, and the case cut in twain by the jury.   There was either rape or fornication.   If the former, the prisoner should be convicted of rape; if the latter, he should be acquitted, so far as the present indictment is concerned.   This is the plain truth and the plain law of the matter.   A verdict for an assault with intent to commit a rape, is but the finding of an attempt, and the Code, in section 4674, declares "no person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended, or the offense attempted, was actually perpetrated by such person at the time of such assault, or in pursuance of such attempt."   Under this section of the Code, applied to the evidence in the record, the verdict is contrary to law, and there must be a new trial.

Judgment reversed.