### JOHNSON *vs.* THE STATE OF GEORGIA.

73  107
101  530
73  107
117  237

1. Where it was shown that the offense of rape had been committed, and the question was as to the identity of the criminal and the defendant on trial, it was incumbent on the state to make out the case beyond a reasonable doubt; but it was not necessary to show that it was impossible for the offense to have been committed by anybody else, or that it might not, by bare possibility, have been done by another. It is sufficient to show to a moral certainty that it was the prisoner. 57 *Ga.*, 102; 58 *Id.*, 79; 6 *Id.*, 285; 17 *Id.*, 130; Code, §3749.

2. Where the evidence showed that a rape had been actually committed, and there was nothing to show that the prisoner stopped

short of the consummation of the crime, a charge that the jury might find him guilty of an assault with intent to rape was properly refused.  Code, §4674; 62 *Ga.*, 558.

Judgment affirmed.

March 18, 1884.

HALL, Justice.

[Leonidas Johnson was indicted for rape committed on Mrs. Martha Cook.   The evidence for the state showed, in brief, as follows:  Mrs. Cook was sitting in her house, located near the public road in Henry county, known as the Mc-Donough road, and had her baby in her lap.  She felt something touch her, and looking up found a negro man standing beside her.  She was frightened, and asked him what he was there for, and received an insulting reply as to what he intended to do.  He put his hand in his pocket, and said he would shoot her, but added that he would rather choke her.  He seized her by the neck and choked her until she fell to the floor unconscious, and then accomplished his purpose upon her.  On recovering consciousness, she found her clothes about her waist, and the man still present.  She ran out to the road and called her husband, who was working two or three hundred yards away.  As she ran by the negro, he struck her with his fist, nearly knocking her down.

On the question of the identity of the criminal and the defendant, Mrs. Cook testified that it was the defendant, although she stated that she had never seen him, except on that occasion and once since, when she testified before the grand jury, and that she was badly frightened and did not get a good look at the man who committed the crime.  She stated that he had on blue clothes.  Other witnesses testified that the defendant was wearing blue clothes at that time.  He was also seen in the public road, about two and a half miles from the house of Cook, on the day of the crime, going in that direction.  He inquired if that was the McDonough road, but when asked his name, made no response.

The defendant introduced no evidence, and his statement was a mere general denial of guilt or of any knowledge of the crime, or of having ever seen Mrs. Cook, until he was brought before the grand jury.

The jury found the defendant guilty. He moved for a new trial, on the following grounds:

(1.) Because the verdict is contrary to law, evidence, the weight of evidence and the charge of the court.

(2.) Because the court failed to charge that the jury might find the defendant guilty of an assault with intent to rape, if they should find, from the evidence, that the crime was not, in fact, committed, and that an assault with intent to rape was committed by this defendant. The motion was overruled, and defendant excepted.]