## SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY *v.* AUSTIN.

1. In an action against a railway company for permanent injuries sustained by plaintiff, there was no error in giving in charge to the jury the form suggested in the case of *Fla. C. R. Co.* v. *Burney*, 98 *Ga.* 1, in relation to the use which may be made by the jury of mortality and annuity tables. Such form is not open to the objection that it contains any expression of opinion as to what has or has not been proved.

2. The verdict not being contrary to the evidence and no error of law against the defendant company having been committed, this court will not interfere with the discretion of the trial judge in overruling the motion for a new trial.

Argued April 30, — Decided May 26, 1898.

Action for damages.　Before Judge Sweat.　Clinch superior court.　January 18, 1898.

The suit was on account of personal injuries caused by the plaintiff's being struck on the side of the head by a piece of timber from the tender of a passing locomotive of the defendant while he was standing near the track of the railway.　He alleged that his injuries resulted from the failure of the defendant's officers and agents to exercise ordinary and reasonable care; that they were negligent in having too much wood on the tender and in not placing it thereon properly, and in not reducing the speed of the locomotive as it approached that point; plaintiff, together with other persons, being at work there in the service of the defendant.　From the evidence it appeared that the plaintiff was section-master of the defendant, that he and other employees under his supervision were at work on the track when the train was approaching, and that he stepped aside and was standing about six or eight feet from the track when the locomotive passed him.　The injury was permanent, and impaired his capacity to labor.　He was then 42 years of age, was paid $45 per month by the defendant for his services as section-master, and his prospects for rising as a railroad man were good.　The defendant introduced no evidence. There was a verdict for the plaintiff for $5,000.　Defendant's motion for a new trial was overruled, and it excepted.　In addition to the general grounds, the motion complains that the verdict was excessive; and that the court, after charging, "In such case, where the plaintiff is, or was at the time of the alleged injury, himself an employee of the defendant railway company, where plaintiff proves that he was injured and that the injury was caused by the negligence of the defendant, the law then presumes that the defendant was negligent, and the burden of proof is shifted on defendant," erred in further charging: "to prove that it was not negligent, or that the plaintiff was."

It is contended that the court should have charged: "either to prove that it was not negligent or that the plaintiff was not without fault." Also, that the court, after charging, "or he could show that the servants of the defendant were at fault," erred in the following charge: "and that would cast the burden upon the defendant to show that it was not negligent, or that the plaintiff was negligent and that his negligence contributed to the accident." It is contended that the court should have said that the burden was then upon the defendant to show that it was not negligent, or to show that the plaintiff was not without fault. And that the court erred in following said charge with: "In such a case, negligence of the plaintiff, however slight, if it contributes in any appreciable degree to the cause of injury, defeats a recovery," when the court should have charged that, in order for the plaintiff to recover in this case, he must, under the evidence, be without fault on his part.

It is further complained that the court after telling the jury that the mortality and annuity tables were in evidence before them, erred in charging: "You have the right to avail yourselves of the assistance to be derived from them," and "it becomes proper to explain them and inform you in what manner each can be made serviceable." It is contended that the words "assistance" and "serviceable" should not have been used; because they express an opinion that this evidence is valuable. Also, that the court erred in charging, in connection with said tables: "Another and more direct use which you can make of the figures representing such probable expectancy of life will presently be stated. This statement is designed to show the expectancy of life which may be entertained by average persons of given ages. The only material information you can derive from it is the time which the average person of equal age with the one under consideration may be expected to live." It is contended this charge, and the use of the words "direct," and "this table is designed to show," and "the material information you can derive from it is the time which an average person of equal age," etc., "may be expected to live," are expressions of opinion as to the value of the testimony. And similar assignments of error are made upon the following instructions in the

court's charge: "If it should be desired to ascertain how long a person of average health and constitution at 33 years would probably live, you would look for the figures 33 in the age column, and 'opposite the figures, in the expectation of years column, on the right of the age column, you would find the figures 32.36, which would indicate that such a. person probably had 32.36 years to live. But inasmuch as a proper result can be more readily reached by availing yourselves of the work which has been done in compiling the annuity table, you may prefer to resort to it. Suppose a man 33 years old and capable of earning $40 per month, or $480 per year, was so injured that he could only earn $20 per month, or $240 per year, and this decrease of capacity to earn money would last during his entire life; if it were certain that but for his injuries he would have continued to earn the full amount of $480 per year as long as he lived, his loss on account of his injuries would represent a yearly annuity of $240, and if entitled to recover for said loss, his damages as to this matter should be such an amount as would be the fair cash equivalent of $240, payable in annual instalments until the end of his life. To arrive at such amount in the case supposed, the annuity table could be made available in the following manner: First you look in the column marked "ages" until you find the figures 33. Opposite these figures you find, in the column marked 7 per cent. (it being on the right of the age column), the figures 11.448. The meaning is that an annuity of $1 in favor of an average person 33 years old, and to continue through life, would, on the 7 per cent. basis, be worth, cash down, $11.448."

*D. H. Pope*, for plaintiff in error.

*C. M. Hitch, Humphreys & Edmondson* and *S. L. Drawdy*, contra.

SIMMONS, C. J. 1. It appears from the record that the judge, when charging the jury upon the subject of damages and the manner in which the jury might ascertain the amount thereof, adopted the suggestions made by this court in the case of *Fla. Cent. R. Co.* v. *Burney*, 98 *Ga.* 1. The plaintiff in error excepted to the use of this form, because, it alleges, certain words

and phrases therein amounted to expressions of opinion by the court as to what had been proved on the trial. It excepted to the statements: "You have the right to avail yourselves of the assistance to be derived from them" (mortality and annuity tables); "It becomes proper to explain them and inform you in what manner each can be made serviceable"; and to other portions of these charges, which may be found in the official report. The form of charge suggested in the above-cited case is not binding upon the trial judges, but it was very carefully and thoroughly considered by this court before it was adopted and promulgated; and since these exceptions have been taken to it, we have again carefully considered it, and we can not find, either in the portions to which exception is taken or in any other part of the charge, any expression of opinion as to what has or has not been proved. It is simply an explanation of how and in what manner the tables should be used, if the jury should consider them at all. It appears to us that the judge is bound, when these tables are introduced in evidence, to explain to the jury how they may be used, just as he should explain a table of logarithms if it were introduced in a case involving questions which that table would illustrate. And so he should explain an almanac introduced to show the phases of the moon or the time of the rising and setting of the sun, etc. It being the duty of the trial judge in a case like the present to explain the mortality and annuity tables to the jury, he having adopted the form of explanation suggested by this court, and this court being of opinion that the form is a proper one and that it does not express or intimate any opinion as to any fact proved, we think that the trial judge did not err in overruling these grounds of the motion for a new trial.

2. Austin was an employee of the railway company. He was a section-master, and was in no way connected with the running of the train or the act of negligence by which he was injured. It seems, therefore, that the charges excepted to in the first three special grounds of the motion for a new trial were not applicable to the case. *Central R. Co.* v. *Kelley,* 58 *Ga.* 113. Even had they been applicable to the facts of the case, we think that the criticisms made are not well founded. While

the code uses the words "without fault" with reference to an employee, this court has in many cases construed them to mean the same as "without negligence," and has used "fault" and "negligence" as being in this connection synonymous. The charges, therefore, if applicable, were not erroneous. On the other hand, if they were not applicable to the facts of the case, they could not have hurt the defendant but worked against the plaintiff by imposing upon him a burden greater than was authorized by law. Of this the defendant can not be heard to complain.

The verdict was authorized by the evidence. While it was large we can not say it was so excessive as to show bias or prejudice on the part of the jury which rendered it. Questions of this sort are left to the discretion of the trial judge; and when he is satisfied with the verdict, as evidenced by his refusal to grant a new trial, only a very strong case would authorize this court to set aside the verdict as excessive.

*Judgment affirmed. All the Justices concurring.*