WELBORN *v.* THE STATE.   GILES *v.* THE STATE.

1. Other than as dealt with in the headnote below, none of the grounds of the motion for a new trial disclose that the trial judge committed any error sufficient to set aside the verdict.

2. Under an indictment charging a person with rape a verdict finding him guilty of assault with intent to commit a rape is unwarranted, and contrary to the evidence, when it appears that some of the witnesses testified to the full accomplishment of the crime charged, and none of them to an assault not included in the perpetration of the offense. An instruction that the jury might so find in this case was, under the evidence, erroneous.

Argued October 21, — Decided November 12, 1902.

Indictment for rape. Before Judge Estes. Rabun superior court. June 30, 1902.

*W. S. Paris* and *H. H. Dean,* for plaintiffs in error.
*W. A. Charters, solicitor-general,* contra.

LITTLE, J. Welborn and Giles with two others were jointly indicted in the superior court of Rabun county, charged with the offense of rape on the person of one Mary Queen. The two plaintiffs in error were jointly placed on trial, and the jury returned a verdict finding them guilty of an assault with intent to commit a rape. They separately moved for a new trial, which being overruled, each of them, by a separate bill of exceptions, seeks to have the verdict rendered set aside and a new trial granted. The motions for new trial being identical, and the assignments of error and briefs of evidence the same in all respects, the cases were allowed to be presented together to this court, and are together here considered.

1. A number of grounds are set out in the motion for a new trial, and for causes assigned in two of these a new trial must be ordered. As to those grounds not hereafter more specifically dealt with, we find on examination that they do not authorize the verdict to be set aside. In this number it is complained that the court erred in refusing to allow defendants' counsel to prove, on cross-examination of the prosecutrix, who was the woman alleged to have been assaulted, that her father was opposed to this prosecution. Certainly such evidence was inadmissible, and could not legally affect the question in issue: whether the defendants were guilty as charged. It is complained also that the court erred in charging the jury in relation to positive and negative evidence. The charge of the court was founded on the Penal Code, § 985, which was codified from the decision in the case of *Cobb* v. *State*, 27 *Ga.* 648. There was evidence which could fairly be denominated negative evidence, and therefore a charge as to the effect and weight of positive and negative evidence was authorized. While the charge as given is supported both by the language of the code and the decision referred to, and the principles enunciated can not be characterized as unsound in law, there are yet many cases in which such principles would not be applicable; and when they are, it should always be understood that in considering the weight of positive and negative testimony, much depends on the credibility of the witnesses testifying. The object to be accomplished is to ascertain the truth of the issues being tried, and, notwithstanding the evidence of a witness who swears positively to a fact is rather to be believed than that of one who testifies that he was present on the occasion and did not see or hear the particular thing which was the subject-matter of the evidence, yet it is clearly within the province of the jury in judging of the credibility of the witnesses to say that the matter or thing testified about did not happen; and this too on the evidence of the witnesses whose evidence might be characterized as negative. A jury is not bound to believe the evidence of any particular witness when it is contradicted, either positively or by circumstances. While they are not authorized arbitrarily to disregard the evidence of any witness, yet it is their duty to determine and declare the truth of the matter in issue according to the weight and value which they place on the whole evidence. As to the application of the rules in relation to positive and negative evidence see *Innes* v. *State*, 42 *Ga.* 473.

That portion of the charge which refers to the impeachment of witnesses was not, perhaps, couched in language particularly happy, nor was it positively erroneous. It would have been well to have omitted so much of it as appears in the eighth ground of the motion, but it can not be said either to have been illegal in itself, or prejudicial to the defendants under the facts of the case presented.

There was no request on the part of either of the defendants that the trial judge should instruct the jury as to the circumstances under which they might make a separate finding as to either one of the defendants. They were indicted as joint perpetrators of the offense charged. They did not choose to sever. They were tried together under evidence which was practically the same as to each. Had either of the defendants desired an addition to the charge which was given, he should have requested it. Having failed to do so, we can not rule, under the facts, that the judge's failure so to charge was error. None of the grounds above referred to disclose an error sufficient to set aside the verdict.

2. The remaining grounds set out are that the verdict was contrary to the evidence, and that the trial judge erred in instructing the jury that, under the evidence in the case, they could find the defendants guilty of an assault with intent to commit rape. The evidence submitted for the State, if true, discloses the commission of a most horrible and outrageous crime, the details of which reflect very severely not only upon the morals, but also upon the civilization of those who participated in it. If the jury believed this evidence they were bound to find that the defendants criminally assaulted the prosecutrix, and each had forced sexual connection with her, in a most revolting manner; and therefore were guilty of the offense of rape. The evidence for the defendants tended to show that neither a rape nor an assault with intent to commit a rape was committed by either of the accused. What is the truth of the matter we, of course, do not know, nor is it our province to determine; but if the jury believed the evidence of the witnesses for the defendants, the verdict under this indictment should have been not guilty. No evidence was had as to any criminal assault save that which was included in the commission of the rape, of which certain witnesses testified. Therefore à charge that the jury could, under the evidence, find the defendants guilty of an assault with intent to commit a rape was error; for it is declared in the

Penal Code, § 19, that "No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended, or the offense attempted, was actually perpetrated by such person at the time of such assault, or in pursuance of such attempt." The plaintiffs in error are entitled to have this rule of law enforced in their favor. And as, under the evidence, the jury could not have legally found them guilty of an assault with intent to commit rape, an instruction that they had this power was error, and the finding made thereunder was contrary to law and the evidence.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*