3444. CENTRAL OF GEORGIA RAILWAY CO. *v.* McGUIRE.

HILL, C. J. 1. The motion for a new trial challenges the correctness of the charge that "moral and reasonable certainty is all that can be expected in legal investigations," as applicable to a civil case. This is a general principle, codified in section 5730 of the Civil Code (1910), defining the amount of mental conviction required in all cases, and when this instruction was followed by the statement contained in the same section, "that in all civil cases a preponderance of the testimony is con-

sidered sufficient to produce such mental conviction," it was not injuriously inapplicable to the civil case on trial. 7 Michie's Enc. Dig. Ga. Rep. §§ 654, 655, par. 6.

2. The following excerpt from the charge is excepted to: "The burden of proof in this case is upon the defendant. .It is incumbent upon him to establish by proof the material allegations of his petition that are not admitted by the defendant. After proving the fact and degree of the injury, if the plaintiff will show himself not to blame, the law then presumes, until the contrary appears, that the defendant company was to blame; or if he will show, on the other hand, that the defendant company was to blame, the law presumes, until the contrary appears, that the plaintiff was not to blame. So that, to make a prima facie case and change the burden of proof, the plaintiff need not go further than to show by evidence one or the other of these two propositions,— either that the plaintiff was not to blame, or that the defendant was to blame. The defendant company, taking at this stage the burden of proof, can defend successfully by disproving either proposition. The disproval of both is not necessary, but until one or the other shall be overcome, the defense is not complete." *Held*, no error for any reason assigned, or for any other reason. Civil Code (1910), §§ 2780, 5746; *Georgia Railroad Co.* v. *Kennedy*, 58 *Ga.* 489; Hopkins on Personal Injuries, §§ 39, 67, and cases cited.

3. The instructions excepted to in the third and fourth grounds of the amended motion for a new trial, to the effect that the jury were the exclusive judges of the evidence and the credibility of the witnesses, and the rules there given for determining as to credibility, are substantially in the language of the code, and, in the absence of any request for a more specific charge on the subject, were sufficient. Civil Code (1910), § 5883; *Quiggle* v. *Vining*, 125 *Ga.* 100 (54 S. E. 74); *Greer* v. *State*, 6 *Ga. App.* 785 (65 S. E. 802).

4. The following excerpt from the charge of the court is excepted to: "If a person is wrongfully placed in a position of peril, whereby he is led to make a reasonable and natural effort to escape the threatened danger, the party so placing him in such position is responsible for the consequences of such effort." *Held:* (1) Correct as an abstract principle of law. (2) Applicable to the facts of the case sub judice. (3) Not erroneous for any of the reasons assigned. *Self* v. *Adel Lumber Co.*, 5 *Ga. App.* 846 (64 S. E. 112); *Southwestern Railroad Co.* v. *Paulk*, 24 *Ga.* 356; *Georgia Ry. & Elec. Co.* v. *Gilleland*, 133 *Ga.* 629 (66 S. E. 944).

5. In the absence of a timely written request, it is not error to fail to charge on the rules of law governing the impeachment of witnesses; and this is true although the witness alleged to have been successfully impeached was the plaintiff, and his right to recover depended on the truth of his evidence.

6. The exception to the charge on the rule for estimating damages for pain and suffering, and the measure of damages in such cases, is without merit. The charge on this subject was substantially in accord with repeated rulings of the Supreme Court. Hopkins on Personal Injuries, 658-62, and cases cited.

7. The exceptions to the instructions contained in the 8th, 9th, 10th, 11th, 12th, and 13th grounds of the amended motion for new trial, when considered in connection with the general instructions, are without merit.

8. On giving the following requested instruction, "If the plaintiff receipted for the rule book and received a copy of it, then he was bound to know the rules," it was not error to qualify it by adding, "if he had time to read and study them before the accident." It is the duty of an employer not only to give notice of the existence of rules, but so to promulgate them as to afford an employee a reasonable opportunity of ascertaining their terms. *Port Royal Ry. Co.* v. *Davis*, 95 *Ga.* 292 (3), (22 S. E. 833).

9. The evidence in behalf of the plaintiff showing permanent injuries, there was no error in charging in the form suggested in the case of *Florida Central R. Co.* v. *Burney*, 98 *Ga.* 1 (26 S. E. 730), as to the method for estimating the damages, and the use of the mortality and annuity tables. *Savannah, F. & W. Ry. Co.* v. *Austin*, 104 *Ga.* 614 (30 S. E. 770).

10. An exception to the charge as a whole raises no question for decision. The alleged errors specifically pointed out under this general exception are without any substantial merit, the instructions as a whole being fair, full, and correct on all the issues made.

11. The exceptions in this case are numerous, but without novelty or general interest. Considered in the light of the facts and the well-settled rules of law applicable thereto, we have not discovered any material error. The verdict (for $7,000) is large and generous, but not so manifestly excessive as to show bias, prejudice, or mistake on the part of the jury. The evidence proves that the railroad company was liable in damages, that the plaintiff received serious and permanent injuries, and the amount of the verdict has been approved by the trial judge. No reason is shown for the interference of this court.

*Judgment affirmed.*

DECIDED JANUARY 15, 1912. REHEARING DENIED FEBRUARY 12, 1912.

Action for damages; from city court of Floyd county—Judge Reece. May 4, 1911.

*J. Branham, Maddox & Doyal,* for plaintiff in error.

*J. M. Hunt, Dean & Dean, Lipscomb, Willingham & Wright, Seaborn Wright,* contra.