### 13326.   BYRD v. THE STATE.

BROYLES, C. J.   Under an indictment charging rape, the accused cannot lawfully be convicted of an assault with intent to rape, if the evidence affirmatively shows that the offense charged was committed.   Penal Code (1910), § 19; *Welborn* v. *State,* 116 *Ga.* 522 (2) (42 S. E. 773). However, in the instant case the evidence did not demand a finding that the defendant had committed rape, but authorized the verdict of assault with intent to rape.   The court, therefore, did not err in overruling the motion for a new trial.

*Judgment affirmed.   Luke, J., concurs.   Bloodworth, J., dissents.*
DECIDED APRIL 14, 1922.   REHEARING DENIED MAY 9, 1922.

Indictment for rape; from Emanuel superior court — Judge Hardeman.   January 17, 1922.

*Herrington & Durden,* for plaintiff in error.

*Walter F. Grey, solicitor-general,* contra.

BLOODWORTH, J., dissenting.   I cannot agree with the majority of the court that the judgment in this case should be affirmed.   In *Welborn* v. *State,* 116 *Ga.* 522 (2) (42 S. E. 773), it was held: " Under an indictment charging a person with rape a verdict finding him guilty of assault with intent to commit rape is un-

warranted, and contrary to the evidence, when it appears that some of the witnesses testified to the full accomplishment of the crime charged, and none of them to an assault not included in the perpetration of the offense. An instruction that the jury might so find in this case was, under the evidence, erroneous." In *Brown* v. *State,* 76 *Ga.* 625, 626, citing *Morris* v. *State,* 54 *Ga.* 441, the Supreme Court said: " Penetratio corporis et emissio seminis was required by the old law to be proved, but slight penetration is sufficient." The person assaulted in the case under consideration testified to "the full accomplishment of the crime charged " (both penetration and emission were shown), and no witness testified "to an assault not included in the perpetration of the offense." As the evidence showed that the crime charged was actually perpetrated, a conviction of an assault with intent to commit the crime was unwarranted (Penal Code, § 19), and the court erred in refusing a new trial.

### ON MOTION FOR REHEARING.

BROYLES, C. J. The plaintiff in error moves for a rehearing of this case on the ground that this court overlooked the language of the decision in *Welborn* v. *State,* supra, where it was held that, " under an indictment charging a person with rape a verdict finding him guilty of assault with intent to commit a rape is unwarranted, and contrary to the evidence, when it appears that some of the witnesses testified to the full accomplishment of the crime charged, and none of them to an assault not included in the perpetration of the offense." It is obvious from both the majority and the dissenting opinion in the instant case that the language referred to above was not overlooked by this court. It is well settled that the decision of the reviewing court in a case must be construed in the light of the particular facts of that case. In the *Welborn* case the original record (of file in the office of the clerk of the Supreme Court) shows that the female charged to have been raped was 18 years old and that she testified positively and unequivocally that the defendant, by force and violence, and against her will and consent, had sexual intercourse with her. There were no such material contradictions in her testimony, nor such contradictions between her testimony and the other evidence adduced upon the trial, as would have authorized a finding that

only an assault with intent to rape had been committed upon her; but, on the contrary, her testimony demanded a finding that the defendant had fully accomplished the act of sexual intercourse with her and that he was guilty of rape. It is also apparent from the record that she was a white woman of at least average intelligence. In that case the evidence for the State demanded a finding that the female had been raped, and the evidence for the defense did not authorize a finding that she had been merely assaulted with intent to rape, and, therefore, the verdict of assault with intent to rape was not authorized by any evidence in the case.

The facts of the case now under review are quite different. To begin with, the female charged to have been raped was a pathetically ignorant child 12 years of age; she testified that she did not know the name of the county or State in which she lived, and her mother testifying that the child was not "bright." It is also apparent from the record that she was a negro girl. While this little girl testified that the defendant raped her, her testimony as to the details of the transaction was so inconsistent and so full of contradictions, and her statement that her private parts had been penetrated by the penis of the defendant was so opposed to the testimony of the physician who made a physical examination of her after the alleged commission of the offense charged, that the jury were amply authorized to find that the defendant had not raped her, but that he had assaulted her with the intent to rape. As examples of the contradictions in her testimony, the girl testified in one breath that the defendant put his penis in her private parts about one inch, and in the next breath she swore that " he put it in all the way as far as it would go," and then she testified, " No, he didn't put it in all the way it would go, he hurt so bad he couldn't put it in — it hurt so bad he couldn't put it in there all the way." And in another part of her testimony she swore that the defendant did not hurt her at all. She testified also, on cross examination, that a physician examined her after this occurrence and that he told her that she had not been raped, but had been assaulted with intent to rape. She further testified that her mother, without examining her like the doctor did, told her that the defendant had raped her (the girl) and " she told me that I was to say that he raped me." Later on in her testimony she

denied having so testified, and swore that her mother did not tell her that the defendant had raped her and did not tell her that she must say so. She then admitted that she had told Mr. Herrington, counsel for the defendant, that her mother told her that the defendant had raped her and told her that she must say in court that he had raped her.

The child's mother was sworn as a witness and admitted that she had told the girl to swear that the defendant raped her. Furthermore, the defendant introduced as a witness the physician who had examined the girl. This witness testified, in substance, that he had minutely examined the girl's private parts and that he found no rupture, and that there did not seem to have been any penetration. The gist of this witness's testimony was that from a careful examination of the girl's private parts there had been, to the best of his knowledge and belief, no rape committed upon her, but merely an assault with intent to rape. The jury were amply authorized to find from this testimony that this little ignorant darky was mistaken as to the penetration of her private parts, but that an assault with intent to rape had been committed upon her. Furthermore, even if it could be held that the evidence for the State demanded a finding that she had been raped, the evidence for the defense amply authorized a contrary finding, and authorized the jury to find that she had been assaulted with intent to rape.

*Rehearing denied. Luke, J., concurs. Bloodworth, J., dissents.*