## RICH *v.* THE STATE.

"No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended, or the offense attempted, was actually perpetrated by such person at the time of such assault, or in pursuance of such attempt." Penal Code (1910), § 19. The charge being rape, and the evidence, if credible, showing conclusively that the offense of rape was actually perpetrated, a verdict finding the defendant guilty of assault with intent to rape was unauthorized, and the court below erred in charging the jury upon that subject.

No. 4759. JUNE 20, 1925.

Certiorari; from Court of Appeals. 33 *Ga. App.* 153.

*V. M. Waldroop, C. J. Wellborn, B. P. Gaillard Jr.,* and *J. G. Collins,* for plaintiff in error.

*Robert McMillan, solicitor-general,* contra.

BECK, P. J. Clovis Rich was tried under an indictment charging him with the offense of rape alleged to have been committed upon Docia Thompson. The jury returned a verdict finding the defendant guilty of assault with intent to rape. The defendant made a motion for a new trial, which was overruled, and the case was carried by writ of error to the Court of Appeals, and that court affirmed the judgment of the court below. The plaintiff in error made a motion for a rehearing in the Court of Appeals, and this was denied. Whereupon the case was brought to this court by a writ of certiorari.

It is insisted in the application for the writ of certiorari that the evidence for the accused showed or tended to show that he was not guilty of any offense, and that the evidence for the State

33

showed that the crime of rape was actually perpetrated by the accused at the time of the assault; and that, this being true, the verdict finding the defendant guilty of assault with intent to rape was without evidence to support it, and the trial court erred in charging the law relative to the offense of assault with intent to rape, for the reason that the evidence does not authorize such a charge. And further, that the Court of Appeals erred in affirming the judgment of the court below whereby a new trial was refused.

We are of the opinion that the grounds of the motion for a new trial, which were overruled by the trial court, should not have been overruled; that they show good cause for the grant of a new trial; and we differ with our learned brethren of the Court of Appeals as to the sufficiency of the evidence to authorize the verdict rendered in the trial court. In the Penal Code, § 19, it is declared, "No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended, or the offense attempted, was actually perpetrated by such person at the time of such assault, or in pursuance of such attempt." And in the case of *Welborn* v. *State,* 116 *Ga.* 522 (42 S. E. 773), it was said: "Under an indictment charging a person with rape a verdict finding him guilty of assault with intent to commit a rape is unwarranted, and contrary to the evidence, when it appears that some of the witnesses testified to the full accomplishment of the crime charged, and none of them to an assault not included in the perpetration of the offense. An instruction that the jury might so find in this case was, under the evidence, erroneous." The same principle was ruled in *Kelsey* v. *State,* 62 *Ga.* 558, *Johnson* v. *State,* 73 *Ga.* 107, and *Harris* v. *State,* 101 *Ga.* 530 (29 S. E. 423). In the present case it seems to us that the evidence for the State, if credible, shows conclusively that the accused committed the crime of rape as charged in the indictment. Docia Thompson, the prosecutrix, after testifying to being present at a schoolhouse, and naming several of her friends who were there, and as to her conversations with the accused, Clovis Rich, testified further as to his accompanying her on the way home and as to his seizing her when they reached a certain described point in the road. She also told what resistance she made, and of her screaming and her

struggles. She then continued her testimony as follows: "He took hold of me and threw me down, and at the time I pulled his hair he was on me. I don't know for sure that he had my clothes up, but I suppose he did. My clothing were up. I did not pull them up. I reckon Clovis Rich pulled them up, there was nobody else there. My dress was torn up and ruined. He penetrated my privates with his privates. It was not with my consent. Only · had my hands to protect myself. I took hold of his privates with my hand and pulled and pulled it away from me. When I got up I started to run, and he grabbed me by the coat, and I pulled loose and left him standing there, and he holloed to me and said to wait there, and I just went on. . . I did not in any way consent to defendant's having intercourse with me. After this trouble I passed blood; it was not my sick time; it was produced by this assault."

No other eye-witness to the crime testified. This, the sole eye-witness against the defendant as to the commission of the crime, testified positively and unequivocally to the actual perpetration of the crime of rape. It does appear in the evidence of the prosecutrix that she first swore out a warrant against the accused for an assault with intent to commit rape, but she explains this by saying that she was ignorant of the terms assault and rape, and did not know she was signing a warrant for assault with intent to rape. She also testified, "After I swore out a warrant I met my lawyer at the law ground. That was after swearing out the warrant for assault with intent to rape. The lawyers told me I had been raped in place of being assaulted. I did not have nothing more to do with the warrant. My father got out the warrant for rape." On cross-examination it appears that she had stated to an acquaintance, Mattie Burns, that the defendant did not "accomplish his purpose." In reference to this the prosecutrix testified on the trial, "When I told Mattie Burns that the defendant did not accomplish his purpose, I meant that he did not finish. There was penetration." While it was competent on the trial to impeach the witness, when she testified that the crime of rape was actually perpetrated, by showing that she had first sworn out a warrant against the defendant for assault with intent to rape, and that she had stated to a female acquaintance a few minutes after the occurrence that the defendant did not "accomplish his purpose,"

this impeaching evidence could not be substantive evidence upon the trial upon which to rest a conviction for the crime of assault with intent to rape. The positive evidence upon the trial as to the commission of a crime was that the defendant had actually committed the offense of rape. For the prosecutrix testified positively that "his privates penetrated my privates." She also testified that there was an effusion of blood from her parts, and that it was not the time of menstrual period. For a fuller statement of the evidence see the opinion in this case rendered by the Court of Appeals, where the judge delivering the opinion of that court quotes at length from the brief of evidence. The prosecuting witness in this case was 18 years of age at the time of the commission of this crime; and judging by her testimony, she is an intelligent young woman; and we are of the opinion that her evidence brings the case squarely within the rule laid down in the cases of *Welborn* v. *State*, and the other cases cited above, laying down the same rule as that stated in the *Welborn* case.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent for providential cause.*