### 17007.  RAINES *v.* THE STATE.

The evidence was sufficient to exclude every reasonable hypothesis save that of the defendant's guilt of the offense of manufacturing intoxicating liquor.

It is not cause for a new trial that a witness was asked certain questions, which he did not answer, as to his having made whisky.

DECIDED MARCH 2, 1926.

Conviction of making liquor; from Dade superior court—Judge Tarver.  November 9, 1925.

*B. T. Brock, J. M. Lang,* for plaintiff in error.

*C. C. Pittman, solicitor-general,* contra.

LUKE, J.  Lonnie Raines was convicted of manufacturing intoxicating liquor.  The evidence shows that he and one Hartline were on a wagon coming towards a still; that there were about eighteen hundred pounds of sugar, one hundred pounds of malt, four or five kegs, and a gun on the wagon; that the wagon was driven up at the side of the beer boxes near the still and the defendant helped unload the above-mentioned material, the defendant "standing up near the brakes handing off some stuff;" that "there was some beer at the still, there was thirteen boxes that would hold about five hundred gallons to the box, and thirty barrels holding sixty gallons to the barrel;" that "a good deal of that beer was ready to run;" that the beer, "drunk to excess, would make one drunk, and did make Lonnie Raines drunk;" that "there was a still there in the furnace; it had been fired up; and there

---

Criminal Law, 17 C. J. p. 209, n. 85.
Intoxicating Liquors, 33 C. J. p. 758, n. 80, 81.

was about four gallons of whisky there in a little shack about twenty steps from the still;" that "they were unloading the wagon where the still and beer was;" and that, "from the appearance of that place, liquor had recently been made there; that there was a considerable quantity of ash and cinders there;" that horses had been there before, and their tracks were similar to those of the horses that the defendant and Hartline were driving on this occasion. This evidence was sufficient to exclude every *reasonable* hypothesis save that of the defendant's guilt of the crime charged.

Error is alleged because a witness for the defendant "was required by the court to give answers to certain questions, and because certain questions were asked him" relative to his having made whisky himself. This ground of the motion for a new trial shows that on the trial the controversy was relative to the rights of the witness rather than to those of the defendant on trial. It alleges that what transpired was prejudicial to the defendant, but it does not show that this ground of objection was urged at the time the objection was made. It does not show what objection was urged at the time to the question being asked, but it does show that the defendant's counsel objected to the witness answering, on the ground that he should not be required to incriminate himself, and requested the court to "explain his rights to refuse to answer on the ground that it would incriminate him." This the court did fully and correctly, and the witness did not answer the question. The defendant has no just complaint because the court properly complied with the request of his counsel.

The case of *Hartline v. State, 34 Ga. App. 224 (129 S. E. 123)*, cited by plaintiff in error, is easily differentiated from the one under consideration. In that case the defendant was charged with manufacturing alcoholic liquors and convicted of "attempting to manufacture such liquor," and this court held that the evidence was not sufficient "to support *the verdict rendered.*" The indictment and the verdict in the case now under consideration were for manufacturing alcoholic liquor, and there was sufficient evidence to authorize the jury to find that the crime was actually consummated. The defendant either made alcoholic liquor or he did not. The evidence does not authorize a conviction for an attempt. Penal Code, § 19. The whisky was in a shack only about twenty steps away from the still where the defendant was unloading this mate-

rial, but the beer, which according to the evidence was intoxicating, was right at the place where he was unloading the material. See *Belcher* v. *State*, 25 *Ga. App.* 493 (103 S. E. 852).

We find no error in the court's charge, and no merit in any of the grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*