### 23738.   OVERSTREET *v*. THE STATE.

DECIDED DECEMBER 22, 1933.

*W. G. Warnell, E. J. Goodwin,* for plaintiff in error.

*Samuel A. Cann, solicitor-general, Andrew J. Ryan Jr.,* contra.

BROYLES, C. J.   The defendant was tried for the offense of rape, under an indictment which also covered the lesser offense of assault and battery, and the jury found him guilty of assault and battery. While the prosecutrix testified positively that the defendant committed rape upon her in a named hotel, she testified also that immediately preceding the rape "he knocked me down."   There was also evidence that subsequently to the assault the defendant, while denying the rape and the assault, admitted that he took the prosecutrix (his granddaughter) to the hotel and "fondled her, loved her up a little bit."   The jury evidently disbelieved the testimony of the prosecutrix that her grandfather had raped her, but believed from the evidence in the case that he had committed an assault and bat-

tery upon her by knocking her down, or by unlawfully putting his hands upon her person against her will. The verdict was authorized by the evidence, and the court did not err in instructing the jury upon the subject of assault and battery. •

The foregoing ruling is not in conflict with the decisions in *Rich v. State,* 160 *Ga.* 513 (128 S. E. 666), and the other cases cited by counsel for the plaintiff in error. In those cases the holding is that where a defendant is tried for rape, and the evidence shows conclusively that that offense was actually perpetrated, he can not lawfully be found guilty of an assault *with intent to rape.* In this case there was no such verdict, nor did the jury find the defendant guilty of an *attempt* to commit the crime of rape, but they brought in a verdict for assault and battery—another offense, but one covered by the language of the indictment; and, the finding of the jury having been approved by the trial judge, and no error of law appearing, this court is without authority to interfere with the verdict.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*