## 28652. HANEY *v.* THE STATE.

DECIDED FEBRUARY 20, 1941.

*Maddox & Griffin,* for plaintiff in error.
*J. Ralph Rosser, solicitor-general, Alec Harris,* contra.

GARDNER, J. The evidence material to a consideration of the issues involved was as follows: The prosecutor, at the request of one Smith and his wife, carried them in his car to the home of the defendant, in order to get the Smiths' daughter, who was at the home of the defendant with the defendant's brother. The daughter did not want to go home; the mother and the defendant's brother and the daughter began fighting. The prosecutor drove on down the street thirty-five or forty feet to wait for the Smiths, to return them to their home. While he was thus waiting, and when told by the daughter to go on, and as he began leaving, the defendant, without having known who the prosecutor was, but angered because he had brought the Smiths for their daughter, and without having said anything to him at the time, "come to the door," according to the prosecutor, and "cut loose at me. . . I seen it [the pistol] when it fired." Other witnesses testified that the weapon was a pistol. "Hill [the defendant] didn't say anything to me that night at all." The bullet went through the center of the rear glass of the car and lodged in a sack of clothes. The prosecutor saw through the side of his car that the defendant was shooting at him, at a side angle and not directly from the rear of the car. The foregoing was substantially the evidence which the jury was authorized to find as supporting a verdict of shooting at another, notwithstanding there was other testimony to the effect that the defendant, sometime subsequently to the shooting and after the affair had terminated, told other witnesses that he had not been shooting at the prosecutor "for fun" but to kill him, which might have supported a verdict of assault with intent to murder, if the defendant had been so indicted, yet would not restrict the finding to such verdict alone.

The defendant was indicted for shooting at another, the material allegations being as follows: The defendant "did willfully and intentionally shoot at Raymond Lanham with a certain pistol, the same not being done in his own defense, nor under circumstances of justification." The defendant requested the following charge which the court refused: "If you find that the defendant shot at the prosecutor with a pistol, a weapon in its nature likely to produce death, and at the time intended to kill him, then, and in that event he would not be guilty of the offense charged in this indictment, and it would be your duty to acquit him." The main

contention of the defendant is that the evidence proved the defendant guilty of assault with intent to murder and not the offense of shooting at another, and that had the court charged the above request on the law of assault with intent to murder the jury would have been obliged to return a verdict of not guilty. There are exceptions to the judge's charge which we have read carefully, but for reasons which we will give hereinafter we do not deem any of them worthy of lengthy discussion; but the question presented in the assignment of error to the court's refusal to charge as above quoted presents difficult and very interesting questions, which should be given more lengthy consideration in an effort to make plain that the decisions cited by the plaintiff in error do not establish the principle contended for in this case, and do not furnish any reasons why the verdict and judgment should be reversed.

We will state several principles of law and then apply the necessary ones to the facts of this case:   (1)   If one intentionally kill another, by shooting illegally, with malice, either express or implied, it is murder.   (2)   If one kill another by shooting without malice, but under a sudden heat of passion, supposed to be irresistible, it is voluntary manslaughter.   (3)   If one intentionally attempts to kill another by shooting unlawfully with malice, either expressed or implied, but death does not ensue, it is assault with intent to murder.   (4)   If one unlawfully shoots another with intent to kill, under a sudden heat of passion, and death does not ensue, he is guilty of the offense of shooting at another.   (5)   If one kills another unlawfully by shooting, without any intention to do so, he is guilty of one of the grades of involuntary manslaughter.   (6)   All other homicides or attempts to take human life are lawful under the theory of justification or accident.   In such attacks as named above, deadly weapons other than firearms may be used, and in such cases where death does not ensue and there is no malice, but the perpetrator is actuated by a sudden heat of passion, the offense would be stabbing, or assault and battery, according to the kind of weapon used, and the manner in which it was used.   Also, there is a class of cases, including shooting at another, stabbing, and assault and battery, in which neither malice nor heat of passion is necessarily the propelling factor.

We will analyze the law and evidence in this case with a view of finding the status of the defendant in the case at bar, assuming

he did the shooting. Let us proceed by the process of elimination. We may eliminate all rules pertaining to grades of homicide, for death did not ensue. We may also eliminate, when neither malice nor passion is a necessary element, the grades of shooting at another. We will retain the principles of law applicable to murder and voluntary manslaughter, for the purpose of drawing deductions and inferences from the evidence. In the charge of assault with intent to murder, every element essential to the charge of murder must be proved, except the one of resulting death. In voluntary manslaughter, every essential element of assault with intent to murder must be proved except malice, and passion must be proved instead. The line of demarcation between murder and voluntary manslaughter and, correspondingly, between assault with intent to murder and shooting at another in a sudden heat of passion under a given state of facts, as a matter of law is often difficult to detect. Malice, either expressed or implied, actuates the perpetrator in murder, and assault with intent to murder, and irresistible passion in voluntary manslaughter. This same line of demarcation must be the rule applied in measuring the evidence in a particular case, to determine whether the proved facts establish an offense of assault with intent to murder, or unlawfully shooting at another in passion. In order words, if the bullet from the perpetrator's fire had killed the assailed, would the accused have been guilty of murder or voluntary manslaughter? This depends on whether or not the shooting was done in malice or in passion. But death did not ensue, so likewise, whether the defendant is guilty respectively of the corresponding lesser offenses of assault to murder or unlawfully shooting at another depends on whether the evidence establishes that he was motivated by malice or by passion. This is a question of law under any given state of facts. Each offense is separate and distinct. They never merge, one into the other; the evidence may warrant either or both. One is not a step leading down to, or up from, the other respectively, or included in the other as a matter of fact. They are grades which may be embraced in the same general charge or indictment. That is another question. But they never merge. The elements of passion never mix with and become a part of the elements of malice. They operate under different principles. The elements of passion are never dissolved by the elements of malice, and consequently are never absorbed

into the elements of malice, to make up and become a part of malice.

The cases cited by learned counsel for the plaintiff in error are founded upon the principle of law enunciated under Code, § 27-2508, to the effect that if the evidence shows a completed offense, the accused shall not be convicted of an attempt. *Rogers* v. *State,* 28 *Ga. App.* 747 (113 S. E. 40); *Kelsey* v. *State,* 62 *Ga.* 558; *Harris* v. *State,* 101 *Ga.* 530 (29 S. E. 423), *Johnson* v. *State,* 73 *Ga.* 107 (2); *Rich* v. *State,* 160 *Ga.* 513 (128 S. E. 666); *Welborn* v. *State,* 116 *Ga.* 522 (2) (42 S. E. 773); *Raines* v. *State,* 35 *Ga. App.* 175 (132 S. E. 243). It will be readily seen that an attempt, when followed up by completion of an offense, becomes absorbed with, and dissolved in, the elements of the completed crime. In *Welborn* v. *State,* supra, the court held that, "No evidence was had as to any criminal assault save that which was *included* in the commission of the rape, of which certain witnesses testified." (Italics ours.) The Code, § 27-2508, is conclusive; it provides: "No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended, or the offense attempted, was actually perpetrated by such person at the time of such assault, or in pursuance of such attempt." In *Kennedy* v. *State,* 10 *Ga. App.* 794 (74 S. E. 95) and *Brooking* v. *State,* 33 *Ga. App.* 49 (125 S. E. 504), where verdicts for assault were returned when the evidence showed the commission of the completed offenses of assault and battery as charged in the indictments, such verdicts were illegal. This was sound for the same principle. The lesser offenses of assault were merged into and became parts of the higher offenses, of assault and battery.

It will be noted that the statute, Code § 26-1007, is to the effect that it is always a jury question as to whether or not a state of facts, as now before us, would authorize a finding that the perpetrator was moved by passion or malice. To this effect the statute provides: "The killing must be the result of that sudden, violent impulse of passion supposed to be irresistible; . . of which the jury in all cases shall be the judges." Granted that the jury would have had the right to determine that, under the facts of the instant case, the defendant was actuated by malice, they could have with equal authority found that he was actuated by a passion supposed to be irresistible. If we view the case from that position, the defend-

ant has no right to complain because of his conviction of a lesser offense under evidence also showing that he was guilty of a greater offense. This is true for the reasons above stated. This reasoning would not apply in such cases cited by counsel for plaintiff in error where the elements of the lesser offense are absorbed by the elements of the higher or greater offense, and where the elements of the lower are absorbed by and lose their identity in the elements of the completed act. The principle of law here under discussion is similar, and may be likened unto, a case where an incorrect charge is given, with reference to a higher offense, but where the facts of the case are that a lesser offense is proved also, and where the elements of the lesser offense are foreign to and do not become a part of those elements which go to make up the higher offense.

Our appellate courts, in such class of cases last referred to, have gone to the extent, and properly so, of holding that a verdict for such a lesser offense is valid even though there was no charge on the principles of law regarding the lower offense (*Spence* v. *State,* 7 *Ga. App.* 825 (2), 68 S. E. 443; *Register* v. *State,* 10 *Ga. App.* 623, 632, 74 S. E. 429) and that an erroneous charge as to the principles of law governing the higher offense is not error where the facts show guilt of the lesser offense embraced within the indictment. *Coleman* v. *State,* 15 *Ga. App.* 338 (83 S. E. 154); *Taylor* v. *State,* 13 *Ga. App.* 715, 716 (79 S. E. 924); *Wagoner* v. *State,* 52 *Ga. App.* 379 (3), 381 (183 S. E. 209); *Callahan* v. *State,* 14 *Ga. App.* 442 (81 S. E. 380). In *Taylor* v. *State,* supra, the court held: "The refusal to give some of the requested instructions which were pertinent and legal but which related to the offense of assault with intent to murder affords no just grounds of complaint, because the defendant was convicted only of the lesser offense of shooting at another, and manifestly the court's omission to give these instructions was not harmful to him." The principles announced in this line of authorities are based on the proposition that the defendant can not complain of being convicted of the lesser offense where the jury was authorized to find that all the elements of the lesser offense are shown by the evidence to exist, and that those elements which constitute the lesser offense are not absorbed in the factors which go to make up the higher offense. An attempt to commit any crime loses its identity as such when the offense is completed, and a conviction only as for the completed crime is

proper where the evidence of the attempt is not inconsistent with the evidence of the completed crime. In the latter event the jury may find as for a completed crime or an attempt. In those cases where the evidence does not, however, *require* a finding that the attempt was *completed,* see *Johnson* v. *State,* supra; *Jones* v. *State,* 68 *Ga.* 760 (4); *Moore* v. *State,* 151 *Ga.* 648 (5) (108 S. E. 47); *Lewis* v. *State,* 156 *Ga.* 862 (120 S. E. 124); *Byrd* v. *State,* 28 *Ga. App.* 504 (111 S. E. 924); *Leverett* v. *State,* 20 *Ga. App.* 748 (93 S. E. 232). The component parts of the attempt become so disintegrated and a part of the consummation that the law says that it no longer exists as an attempt.

The evidence in the instant case, as a matter of law, showed that the jury was authorized to find that the defendant was actuated by a heat of passion, instead of malice, although they could have found that he was actuated by malice. Certainly the evidence did not demand, as a matter of law, that the defendant was actuated by malice instead of a heat of passion.

Under the facts of this case the grand jury was not restricted to the charge of assault with intent to murder, but were properly authorized to return an indictment for shooting at another.

Granting, but not deciding, that the other exceptions to the charge contain merit, they do not demand a reversal, since the evidence overwhelmingly supported the verdict. The court did not err in refusing to declare a mistrial for the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*