## 33393. McClain *v.* The State.

Gardner, J. The defendant was accused of assault with intent to rape, and was convicted of assault and battery. The indictment alleged that the defendant "did unlawfully beat the said female . . with intent . . to have carnal knowledge of her . . forcibly and against her will." The defendant contends here that the only verdict of guilty which the jury were authorized to return against him, under the indictment and the evidence, was assault with intent to rape. In support of this contention, the defendant relies on the cases ·of *Byrd* v. *State,* 28 *Ga. App.* 504 (111 S. E. 924), and *Welborn* v. *State,* 116 *Ga.* 522 (42 S. E. 773). In the *Byrd* case this court held that, under the indictment charging rape, the accused could not be convicted of assault with intent to rape if the evidence shows that the offense charged was committed. The court further held in that case that the evidence did not demand a finding that the defendant had committed rape, but authorized the jury to find a verdict of assault with intent to rape. In the *Welborn* case, the Supreme Court held in headnote (2) that, under the indictment charging a person with rape, a verdict finding him guilty of assault with intent to rape is unwarranted and contrary to the evidence when it appears that some of the witnesses testified to the full accomplishment of the crime charged, and none of them to an assault not included in the perpetration of the offense. In the instant case, the indictment alleged assault and battery, and the evidence does not demand a finding that the defendant was guilty of an assault with intent to rape. The authorities cited by the defendant do not sustain his contention. We call attention to *Owens* v. *State,* 9 *Ga. App.* 441 (71 S. E. 680). In both the *Owens* case and *Davis* v. *State,* 41 *Ga. App.* 466 (153 S. E. 436), this court held that assault with intent to rape does not necessarily include assault and battery, and that, where assault and battery was not charged in the indictment, the defendant could be convicted of no offense except assault with intent to rape. On the other hand, if, as here, an assault and battery is alleged, and also an attempt to rape, where the evidence does not demand a verdict for assault with intent to rape, the jury may render, under such indictment, a verdict for assault and battery. The evidence in the instant case, as above stated, does not demand a verdict of assault with intent to rape, but authorizes and sustains a verdict of assault and battery.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

Decided January 25, 1951.

178

*Cohen Anderson,* for plaintiff in error.

*Walton Usher, Solicitor-General, W. G. Neville,* contra.