34100.   HICKS *v.* THE STATE.

DECIDED JULY 1, 1952.

*Mrs. Charles Camp, Claude C. Pittman, William B. Greene,* for plaintiff in error.

*John W. Davis, Solicitor-General,* contra.

GARDNER, P.J. ■ So far as the general grounds are concerned, we think that the case should be reversed for the reason that the evidence shows a completed act of rape. Code § 27-2508 provides: "No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense when it shall appear that the crime intended, or the offense attempted, was actually perpetrated by such persons at the time of such assault, or in pursuance of such attempt."

Counsel for the State contends that, since the jury in this case was primarily concerned with the problem of credibility of witnesses, there was ample credible evidence upon which the jury could base a verdict of guilty of assault with intent to rape. They reasoned that the jury could have rejected as incredible a portion of the testimony of the prosecutrix that the crime of rape was completed, and might take a portion of the evidence of the prosecutrix along with credible evidence of other witnesses, and legally return the verdict which they returned. Counsel cites in support of this contention *Central of Georgia Ry. Co.* v. *McGuire,* 10 *Ga. App.* 483 (4) (73 S. E. 702). We might state here that the Supreme Court in *Sims* v. *State,* 203 *Ga.* 668, 671 (47 S. E. 2d, 862), on this question states: "Where all the evidence makes a case of rape, the jury would not be authorized to believe the injured female's testimony in part and disbelieve it in part." Counsel for the State further call our attention to *Jones* v. *State,* 68 *Ga.* 760, and rely primarily upon it to sustain the contention that the verdict should not be disturbed by this court. In view of the facts in the instant case and the other decisions which we will call attention to further on in connection with the Code section which we have cited, we do not think this position is tenable under the record in this case. While the *Jones* case has some similiarity to the case at bar on its facts, we think it is dissimiliar to the facts in the instant case to a degree that it is not applicable here. In that case, the injured female was only eleven years of age. She did not testify to any acts of intercourse other than "he put his private into her." She made contradictory statements also as

to whether or not the defendant accomplished his purpose. On a preliminary hearing, the child in that case stated in effect that the defendant pulled up her clothes and tried to have intercourse with her. The court in that case stated: "There might be a grave doubt as to whether her testimony alone was sufficient as to the actual perpetration of the offense of rape. But, unfortunately for the defendant, there were other witnesses who saw him in the act of making the attempt to commit this offense upon his helpless victim." In contradistinction, sofar as the evidence goes in the instant case, the prosecutrix was just under fourteen years of age, and by her own admission had had intercourse before. This shows that she knew what she was testifying to when she testified to the full accomplishment of the act by the defendant. This testimony of the prosecutrix in the instant case was not contradicted outright by the witness Geneva Davis's testimony. We have read the testimony of Geneva Davis carefully, since it is the State's contention that portions of the testimony of this witness and portions of the testimony of the prosecutrix are sufficient to establish an assault with intent to rape rather than the accomplished act of rape. We cannot reach this conclusion from the record in this case and cannot conclude that the *Jones* case sustains the contention of the State. Counsel for the State calls our attention to *Byrd* v. *State*, 28 *Ga. App.* 504 (111 S. E. 924). We will not go into detail in distinguishing the facts of that case from those of the case at bar, but we will leave it with the statement on motion for a rehearing written by the eminent jurist, Judge Broyles. He clearly distinguishes the facts in that case from the facts in the instant case. He does this so convincingly that those facts are definitely distinguished from the facts in the instant case. The State next calls our attention to *Rich* v. *State*, 33 *Ga. App.* 153 (126 S. E. 154). After the opinion by the Court of Appeals, the case was carried by certiorari to the Supreme Court. See 160 *Ga.* 513 (128 S. E. 666). The Supreme Court, in a well-considered decision, written by Presiding Judge Beck, reversed the Court of Appeals on the ground that the evidence in that case showed positively and unequivocally that the crime of rape had been accomplished. We call attention to the cases cited in the *Rich* case as follows: *Welborn* v. *State*, 116 *Ga.* 522 (42 S. E.

773); *Kelsey* v. *State,* 62 *Ga.* 558; *Johnson* v. *State,* 73 *Ga.* 107; *Harris* v. *State,* 101 *Ga.* 530 (29 S. E. 423).

It thus appears that, under the evidence in this case, since it shows a completed act of rape, a verdict for assault with intent to rape is unauthorized.

■ (*a*) Special grounds 1 and 2 assign error on the charge of the court to the effect that the jury would be authorized to find the defendant guilty of assault with intent to rape. This was reversible error under the evidence in this case. See *Rich* v. *State,* 160 *Ga.* 513.

(*b*) Special ground 3 assigns error on the ground that the court coerced the jury into returning a verdict and intimated or expressed an opinion as to what had or what had not been proved. If we may concede but not decide that this assignment shows error, it is not likely to occur again on another trial.

(*c*) Special ground 4 assigns error on the court's charge to the effect that sexual intercourse with a female child under the age of fourteen years, unless the defendant had previously become lawfully married to such child, is unlawful. This assignment of error is based on the contention that there was no evidence to the effect that the female involved here was under the age of fourteen. A birth certificate bearing the name of Henrieta Watkins, the name of the female child involved here, was introduced. This birth certificate showed her birth to be February 18, 1937. No objection was interposed to the introduction of this certificate. It was not incorporated in the brief of evidence. Under all the facts and circumstances of this case, the record does not reveal any reversible error as to this ground. In the event of another trial, this question may be gone into further and in more detail, if desired.

(*d*) Special ground 5 assigns error because the court failed to charge the principle of law embraced in Code § 38-109 as to circumstantial evidence. It is not reversible error to fail to charge this section unless the evidence is solely circumstantial. It is not solely circumstantial in the case at bar, and there was no request to charge.

For the reasons hereinabove stated, the court committed reversible error in denying the amended motion for a new trial.

*Judgment reversed. Townsend and Carlisle JJ., concur.*