36091. Pack *v.* The State.

Per Curiam. 1. "No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended, or the offense attempted, was actually perpetrated by such person at the time of such assault, or in pursuance of such attempt." Code § 27-2508. And, of course, the provisions of this Code section are applicable to a case involving the crime of rape. *Hicks* v. *State,* 86 *Ga. App.* 365 (71 S. E. 2d 695).

2. "While it was competent on the trial to impeach the witness, when she testified that the crime of rape was actually perpetrated, by showing that she had first sworn out a warrant against the defendant for assault with intent to rape, and that she had stated to a female acquaintance a few minutes after the occurrence that the defendant did not 'accomplish his purpose,' this impeaching evidence could not be substantive evidence upon the trial upon which to rest a conviction for the crime of assault with intent to rape." *Rich* v. *State,* 160 *Ga.* 513, 515 (128 S. E. 666).

3. Applying the foregoing rules of law to the present case, it appears that the prosecutrix testified to the completely consummated crime of rape. All her witnesses, including the doctor, corroborated this testimony, there being nothing in the testimony of the doctor any more consistent with the attempt to commit the offense than with its completion, since the doctor testified that he found bruises upon the external parts of the vagina, but that he made no internal examination past that of the vulva. The defendant denied the entire transaction, and stated that it did not occur. Whether or not his witnesses corroborated this statement, they at least testified to no facts tending to show an attempt rather than a consummation of the offense. An effort was made to impeach the prosecutrix by showing that she first procured a warrant for assault and battery, then one for assault with intent to rape, and

that her parents, after they had discussed the matter with the doctor who examined the prosecutrix, finally procured the warrant for rape, upon which the defendant was tried. The witness was also sought to be impeached by showing a subsequent statement by her to a friend that the defendant "did not get in her pants." Under the authority of *Rich* v. *State,* supra, neither of these facts constitute substantive evidence upon which a conviction may be maintained. See also *Welborn* v. *State,* 116 *Ga.* 522 (42 S. E. 773); *Harper* v. *State,* 201 *Ga.* 10 (39 S. E. 2d 45); *Hicks* v. *State,* 86 *Ga. App.* 365 (71 S. E. 2d 695). Accordingly, there was no evidence upon which a verdict of guilty of assault with intent to rape may be predicated.

4. The other questions raised by the special grounds of the motion for a new trial may not arise on another trial of the case, and we deem it unnecessary to consider them.

The trial court erred in denying the motion for a new trial.

There having been a dissent to the original opinion affirming this case, the case was, pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code (Ann. Supp.) § 24-3501), considered by the court as a whole. The original opinion was vacated and the present opinion substituted therefor.

*Judgment reversed. Felton, C. J., Gardner, P. J., Townsend, Carlisle, Quillian, and Nichols, JJ., concur.*

DECIDED APRIL 11, 1956.

*Stafford R. Brooke, J. B. Headrick,* for plaintiff in error.
*Erwin Mitchell, Solicitor-General,* contra.