## DIXON *v.* THE STATE.

1. The verdict in this case having been fully warranted by the evidence, there is no merit in the general grounds of the motion for a new trial.
2. It is not, on the trial of a criminal case, competent to introduce in behalf of the accused evidence of his own self-serving declarations, whether made before or after the time of the commission of the alleged offense.
3. Though evidence of an incriminating statement made by a prisoner to another shortly after the latter had offered an inducement extending a hope of benefit is not admissible, another and entirely different incriminating statement, made hours afterwards to the same person under circumstances tending to show that it was purely voluntary and not elicited by such inducement, may be proved, the question whether or not the statement was in fact free and voluntary being one for determination by the jury.
4. That one is a convict does not render him incompetent to testify as a witness in the courts of this State.
5. The question of allowing a witness to be recalled to the stand for further examination at the instance of either party is always one within the discretion of the presiding judge, which this court will never control unless manifestly abused.
6. The accused in a criminal case is not entitled, as matter of right, to the privilege of making a supplemental statement to the jury.
7. While a conviction of a felony can not be lawfully had upon the testimony of an accomplice unless the same be corroborated by other testimony directly connecting the accused on trial with the perpetration of the crime, it is not essential that the corroborating testimony shall in and of itself be sufficient to warrant a verdict of guilty, or that the testimony of the accomplice shall be corroborated in every material particular.
8. It is not, on the trial of one of two or more persons jointly indicted for a crime, inappropriate to charge upon the law of conspiracy merely because the indictment does not in terms allege that there was a conspiracy to commit the offense.
9. The existence of a conspiracy may be proved by circumstantial as well as by direct and positive testimony.
10. There was in the present case ample evidence to show that there was a conspiracy not only to commit the crime but also to conceal the fact of its perpetration.

Argued July 21, — Decided August 8, 1902.

Indictment for murder. Before Judge Roberts. Johnson superior court. June 17, 1902.

*John R. Cooper,* for plaintiff in error. *Boykin Wright, attorney-general,* and *B. T. Rawlings, solicitor-general,* contra.

LUMPKIN, P. J. Mrs. Sarah E. Dixon and Jerry Walden were jointly indicted for the murder of the husband of the former. Walden is now serving a life sentence based upon a verdict of guilty returned against him. Mrs. Dixon was convicted, and a like sentence was imposed upon her. This court granted her a new trial (see 113 *Ga.* 1039), and she was a second time found guilty and sentenced to imprisonment for life. She is again before this court, alleging that the trial court erred in overruling a motion for a new trial made by her after the last conviction. This motion embraced the general and a number of special grounds. We have carefully read and considered the evidence. It established beyond doubt the guilt of Walden, and his testimony, if true, showed the guilt of Mrs. Dixon. This testimony was corroborated by evidence of numerous facts and circumstances which not only directly connected Mrs. Dixon with the perpetration of the crime, but was really sufficient to warrant a verdict of guilty against her. The testimony as a whole, therefore, more than met the requirements of the law, and we have no hesitation whatever in declaring that the general grounds of the motion are without merit. The special grounds thereof present for our determination the familiar questions dealt with above. The correctness of our rulings thereon as announced in the headnotes is too obvious to require elaboration or discussion. There was no error, and the judgment below must stand.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*