## DENNIS *v.* THE STATE.

No. 15530.   JULY 3, 1946.

**56**

*R. A. Whitsett,* for plaintiff in error.

*Eugene Cook, Attorney-General, Roy Leathers, Solicitor-General,* and *Margaret Hartson,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) ■ The movant contends that the general grounds of the motion for new trial should be sustained because the testimony of the State's witness Whitaker, who was shown to be an accomplice, was not corroborated as required by law. We fully recognize the rule that, in order to warrant a conviction based upon the testimony of an accomplice, the circumstances must be such as, independently of the testimony of the accomplice, leads to the inference of the defendant's guilt, and that facts which merely cause a grave suspicion of guilt are not sufficient. *Childers* v. *State,* 52 *Ga.* 106; *McCalla* v. *State,* 66 *Ga.* 346; *McCrory* v. *State,* 101 *Ga.* 779 (28 S. E. 921); *Taylor* v. *State,* 110 *Ga.* 150 (35 S. E. 161). We are satisfied that the corroboration here is sufficient to meet the legal requirement. The statements of the accused show her presence near the man who she stated was her husband and was being killed; that she spent the remainder of the night with her husband's slayer and returned to his dead body with the slayer the following day, and there assisted the slayer in burying the body and then accompanied him to the home of her stepfather where she spent the day with

him. She remained silent about the slaying of her husband until the second day after her arrest. The conduct of the accused as related by her authorizes the inference that she was aiding and abetting in the commission of the crime. The physical facts shown by the testimony of witnesses, including small woman tracks, show that she was present when her husband was slain. If she was innocent of any part in the slaying, her conduct was most unreasonable and unnatural. It is true that no witness except the accomplice testified that the accused willingly participated in the slaying, but the circumstances and her admissions speak as loudly as words. What was said by this court in *Brown* v. *Matthews,* 79 *Ga.* 1 (2) (4 S. E. 13), appropriately applies to these circumstances. It was there said: "Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts." The testimony of the accomplice being thus sufficiently corroborated, the verdict was authorized by the evidence, and the general grounds of the motion for new trial are without merit.

■ The special ground complaining because the court instructed the jury to determine whether or not the State's witness Whitaker was the husband of the accused, and if so to disregard his testimony, but if not to give it consideration, upon the ground that the instruction was premature and was calculated to mislead and confuse the jury, has no merit. The action of the trial judge, instead of being harmful to either the State or the accused, was calculated to be helpful to both in enabling the jury to properly appraise the testimony of the witness and to determine whether or not they should consider it at all before such testimony was given and found possible lodgment in the minds of the jury. The trial judge is to be commended in thus conducting the trial in a way to insure the fair and proper consideration of testimony. This ground is controlled adversely to the movant by the ruling in *Bryant* v. *State,* 191 *Ga.* 686 (12) (13 S. E. 2d, 820), which is as follows: "There is no merit in the exceptions to preliminary instructions given to the jury, while testimony as to insanity and weakmindedness of the defendant was being given and before the conclusion of the case, in order to guide them in considering the purposes for which the testimony was admitted and could be considered."

*Judgment affirmed. All the Justices concur.*