HARPER *v.* THE STATE.

No. 15514.   JULY 3, 1946.

14

16

*Hathcock, Milam & Smith,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. E. Andrews, Solicitor-General, Durwood T. Pye, Paul Webb, Roscoe Thompson, Assistant Attorney-General,* and *Rubye G. Jackson,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ██ The contention in special ground 1, that the court erred in failing to charge the jury on the law of assault with intent to commit rape, is without merit. "No person shall be convicted of an assault with intent to commit a crime . . when it shall appear that the crime intended, or the offense attempted, was actually perpetrated by such person at the time of such assault or in pursuance of such attempt." Code, § 27-2508; *Andrews* v. *State,* 196 *Ga.* 84 (12) (26 S. E. 2d, 263); *Rider* v. *State,* 195 *Ga.* 656 (25 S. E. 2d, 304); *Gorman* v. *State,* 183 *Ga.* 307 (5) (188 S. E. 455); *Rich* v. *State,* 160 *Ga.* 513 (128 S. E. 666); *Welborn* v. *State,* 116 *Ga.* 522 (42 S. E. 773); *Harris* v. *State,* 101 *Ga.* 530 (29 S. E. 423); *Johnson* v. *State,* 73 *Ga.* 107; *Kelsey* v. *State,* 62 *Ga.* 558. In the *Wellborn* case, supra, it was said: "Under an indictment charging a person with rape a verdict finding him guilty of assault with intent to commit rape is unwarranted, and contrary to the evidence, when it appears that some of the witnesses testified to the full accomplishment of the crime charged, and none of them to an assault not included in the perpetration of the offense." It is urged here that the prosecutrix, Mrs. Moore, following the commission of the alleged offense, made a declaration contradictory of her evidence, to D. S. Harris, a witness for the State, to the effect

that, while the defendant made an attack on her, yet the offense of rape was not actually consummated. In *Canida* v. *State,* 130 *Ga.* 15 (60 S. E. 104), this court said: "The testimony of a witness that the prosecutrix said 'someone had attempted to assault her' was not evidence authorizing a charge on the law of assault with intent to commit a rape, as such testimony was merely hearsay and of no probative value, though it might have been considered on the question of impeachment of the prosecutrix, had the proper foundation been laid." And again, in *Rich* v. *State,* supra, it was held: "While it was competent on the trial to impeach the witness, when she testified the crime of rape was actually perpetrated, by showing that she first swore out a warrant against the defendant for assault with intent to rape, and that she had stated to a female acquaintance a few minutes after the occurrence that the defendant did not 'accomplish his purpose,' this impeaching evidence could not be substantive evidence upon the trial upon which to rest a conviction for the crime of assault with intent to rape." We think that the holding in the *Rich* case, supra, is clearly applicable to the facts in this case; and assuming that the prosecutrix made statements as contended, they could have been considered by the jury only as impeaching evidence and, being admissible only for that purpose, did not require or authorize a charge on the law of assault with intent to commit rape.

■ A special ground complains because the court, in charging on credibility of the witnesses, failed to instruct the jury that in determining the credibility of the witnesses they may consider "their means and opportunity for knowing the facts to which they testify." On the question of credibility the court charged: "The law makes you the exclusive judges of the credibility of the witnesses, and you have the right in passing upon this question to take into consideration all the facts and circumstances surrounding this case. You have the right to consider the manner and deportment of the witnesses on the witness stand as they testified in your presence, and you may consider the intelligence or want of intelligence of the witnesses, their interest or lack of interest in the case or its outcome, and you may consider their bias or prejudice if there be such in the case; you may consider the reasonableness or unreasonableness of their testimony, the probability or improbability of the facts testified about, the nature of the facts testified to,

and you may consider the personal credibility of the witnesses insofar as they may legitimately appear here upon this trial." This charge is in substantial accord with the Code, § 38-107, which states the method of determining where the preponderance of evidence lies in civil cases. While it is ordinarily inapt to charge this section in a criminal case, and in those cases it would be better practice never to do so, such a charge is not ground for reversal if the instruction appears to be harmless. *Andrews* v. *State*, 196 *Ga.* 84 (13) (supra); *Grant* v. *State*, 122 *Ga.* 740 (5) (50 S. E. 946); *Gale* v. *State*, 135 *Ga.* 351 (5) (69 S. E. 537); *Helms* v. *State*, 138 *Ga.* 826 (5, 6) (76 S. E. 353). It is insisted that, since the court undertook to give the section in charge, it was error not to give it in its entirety. However, it must be remembered that the court was here charging, not on the preponderance of the evidence, but on the credibility of witnesses, and was not bound to enumerate to the jury every item in the Code section applicable to civil cases in determining where the preponderance of the evidence lies. *Andrews* v. *State*, supra; *White* v. *State*, 147 *Ga.* 377 (94 S. E. 222); *Schumpert* v. *Carter*, 175 *Ga.* 860 (5) (166 S. E. 436); *Garner* v. *Wood*, 188 *Ga.* 463 (3) (4 S. E. 2d, 137); *Sconyers* v. *State*, 67 *Ga. App.* 902 (3) (21 S. E. 2d, 504). In the case at bar the court charged: "You have the right in passing upon this question [credibility] to take into consideration all the facts and circumstances surrounding this case," and then enumerated substantially the matter which they might consider, as contained in the Code section. The use of this language did not limit the jury, in passing on the credibility of witnesses, to a consideration of those things enumerated, or tend to exclude from the consideration of the jury those not so enumerated. The jury were left free under the charge to determine the question of credibility from all the facts and circumstances of the case, and the criticism directed against the *instruction is without merit.*

■ Special ground 2, like the general grounds, questions the sufficiency of the evidence to support the verdict, and for that reason we deal with them together. By the special ground it is contended that the verdict is contrary to the evidence and without evidence to support it, because: (1) It was not shown by the testimony that the prosecutrix was prevented from making an outcry, or that she did any overt act to prevent the accomplishment of the

alleged crime; (2) the evidence fails to show sufficient resistance on the part of the prosecutrix, or that she was so overpowered that she could no longer resist; and (3) there is not sufficient evidence to corroborate the testimony of the prosecutrix as to the commission of the alleged offense. We do not believe it necessary here to recapitulate the evidence. The testimony of the alleged victim, if believed by the jury, was amply sufficient to show that the defendant had carnal knowledge of her, forcibly and against her will. She gave positive testimony that while at home at night with her two small children, one just a few months old, the defendant caused her to open the door when he called "Western Union" or "telegram;" that he first requested a match, and then stated that it was not a match which he wanted but her; that he then entered the room, seized her by the arm, threw her on the bed, rendered her powerless by striking her in the stomach, completed the act of intercourse while he held her, and then immediately fled from her room. She positively identified the defendant as her assailant. Alibi was urged as the defense. Assuming it to be still the rule, as held by a majority of the Justices in *Davis* v. *State,* 120 *Ga.* 433 (48 S. E. 180), that there can be no conviction of any rape unless the testimony of the female is corroborated, we will follow that decision in the present case. What do we have here in the way of corroborative evidence? An immediate outcry and request that officers of the law be called. When first seen by the officers she was hysterical and "awfully upset," so much so that it was necessary to get her quiet before she could tell what had happened. Her call for help caused many of her neighbors to gather at her home and begin an immediate search for her assailant. When Mrs. Arnold, a neighbor who frequently visited Mrs. Moore, arrived, the prosecutrix was in a nervous rage, crying and wringing her hands, and informed her what had occurred. She told her husband what had happened immediately on his arrival. This court has frequently held that the corroborating evidence need not be of itself sufficient to convict the accused, but the quantum of corroboration is left entirely to the jury. *Lee* v. *State,* 197 *Ga.* 124 (28 S. E. 2d, 465); *Wright* v. *State,* 184 *Ga.* 62 (190 S. E. 663); *Suber* v. *State,* 176 *Ga.* 525 (2-a) (168 S. E. 585); *Smith* v. *State,* 77 *Ga.* 705 (2-a), 713. In *Davis* v. *State,* supra, it was said: "The accused should not be convicted upon the woman's testimony alone, how-

ever positive it may be, unless she made some outcry or told of the injury promptly, or her clothing was torn or disarranged, or her person showed signs of violence, or there were other circumstances which tend to coroborate her story." Speaking for myself, I do not think that corroboration was necessary, but the judge gave a full and complete charge on that subject, and the jury by their verdict expressed their satisfaction as to its sufficiency. The verdict, being abundantly supported by evidence, having the approval of the trial judge, and no errors of law appearing, will not be disturbed by this court. All of the exceptions are without merit.

*Judgment affirmed.* *All the Justices concur, except Head, J., who dissents.*