### STRICKLAND *v.* THE STATE.

CANDLER, Justice. Bill Strickland was indicted by a grand jury in the Superior Court of Troup County. The indictment charged him with rape, alleging, in substance, that he did on November 23, 1949, unlawfully, and with force and arms, have carnal knowledge of a named female under fourteen years of age without having previously become lawfully married to her. He was convicted of rape and sentenced to serve a term of not less than ten nor more than twenty years in the penitentiary. His motion for a new trial, based on the usual general grounds, and a special ground complaining of an omission to charge on the necessity of corroborating evidence, was overruled; and to that judgment he excepted.

The State's evidence was substantially as follows: The alleged victim testified that she was thirteen years of age at the time of the commission of the offense charged, and that for three or four months immediately prior thereto she had been staying at the home of the accused and his wife—the latter being her mother's sister. Her mother had gone to Florida for the purpose of finding employment, and she was to join her mother later. She slept in the room with the accused and his wife, only a radio table separated their bed from the one she regularly occupied. During the night of October 20, 1949, while her aunt was asleep, the accused came to her bed, threw the cover back and tried to get in bed with her. She got up immediately, told him to get away from her bed, and he promptly returned to his bed. She told her aunt about the occurrence. On the night of November 23, 1949, after they had all been in bed for about three hours, the accused again left the bed where he and his wife were sleeping and came to the bed where she was. On awakening, she found him in bed with her and the weight of his body was on hers. She explained to the jury in detail how he was holding her. She started to hollo, and he put his hand over her mouth so that she could not. He then had sexual intercourse with her forcibly and against her will. He then got up, went out of the house, and later came back to his own bed. She told her aunt about it the next morning. Her clothes were bloody after the accused had intercourse with her. She left her aunt's home two or three days later, which was the first chance to do so, and went

to her uncle's home in Alabama. On the day following the return of her mother from Florida, she told her what the accused had done to her. The victim's mother testified that she arrived at her brother's home in Alabama, where her daughter was, on December 6, 1949; that on the following day her daughter told her about the act which the accused had committed; and that she went to LaGrange, Georgia, on December 10, 1949, and swore out a warrant for his arrest. She also testified that her daughter was only thirteen years of age at the time of the alleged rape. The defendant offered no evidence, but made the following statement: "Gentlemen of the jury, I don't know why this girl told this story. I have been just as good to her as I could. I sent her to school every day I could get her to go. I can't think of anything else I know. I have not done anything, to this child. I haven't touched her in any way in this world." *Held*:

1. The act of July 31, 1918 (Ga. L. 1918, p. 259), providing, among other things, that any person having sexual intercourse with any female child under the age of 14 years, "unless such person shall have previously become lawfully married to such female child," shall be guilty of rape, and "that no conviction shall be had for said offense on the unsupported testimony of the female in question," was intended to apply only to cases where the act of intercourse was accomplished with the actual consent or acquiescence of the female, and is to be treated as rape merely because the female is under the age of consent as therein specified. Accordingly, the statute referred to did not change the rule as to the necessity for corroboration in cases not falling within its provisions. Under the evidence, the instant case is not one to which the act of 1918 is applicable, and for this reason does not require any decision as to the degree of corroboration essential under the provisions of the act as quoted; but any question as to the necessity of corroboration or as to the sufficiency of the evidence in the present case must be determined without reference to that statute. *Griffith* v. *State*, 176 *Ga.* 547 (168 S. E. 235)., and cases there cited.

2. Under the rule laid down by a majority of the Justices in *Davis* v. *State*, 120 *Ga.* 433 (48 S. E. 180), and more recently followed by a majority in *Griffith* v. *State*, supra, there can be no conviction for rape in this State on the uncorroborated testimony of the female upon whom the alleged offense was committed, and that rule will be followed in the present case. See *Lee* v. *State*, 197 *Ga.* 123 (28 S. E. 2d, 465). However, the writer, speaking for himself, as he has previously said in *Harper* v. *State*, 201 *Ga.* 10 (39 S. E. 2d, 45), does not wish to be understood as assenting to the proposition, either expressly or by intimation, that corroboration is required as a matter of law to authorize a conviction for rape where the injured female testifies that the offense was violently and forcibly and against her consent committed upon her.

3. In prosecutions for rape the corroborative evidence required under the rule announced by the cases cited in the preceding note need not be of itself sufficient to convict the accused; and this is true because the quantum of corroboration necessary is in each case left entirely to the jury. *Wright* v. *State*, 184 *Ga.* 62 (190 S. E. 663); *Lee* v. *State*, supra; *Reed* v. *State*, 201 *Ga.* 789 (41 S. E. 2d, 426); *Harper* v. *State*, supra;

*Climer* v. *State*, 204 *Ga.* 776 (51 S. E. 2d, 802). "Slight circumstances may be sufficient to corroborate the woman. The sufficiency of the corroboration and the extent of the corroboration necessary is always a question for the jury." *Smith* v. *State*, 161 *Ga.* 421, 423 (131 S. E. 163).

4. In the instant case, the mother testified that the alleged victim, a mere child, told her shortly after they were reunited of the outrage upon her by the accused. In the circumstances of the case, especially the age of the injured female and her mother's absence from the State, we can not say as a matter of law that a report of the occurrence as then made had no probative value as corroborative evidence, or that this, and the very reasonable inference that the jury had a right to draw from the alleged victim's departure from the defendant's home soon after the offense is alleged to have been committed—despite the fact that she was attending school and was to join her mother in Florida as soon as she obtained employment—were insufficient to corroborate the testimony of the victim; and this is true because the particular circumstances which may tend to corroborate the witness, and the number and nature of such circumstances to produce that result, are wholly matters for the jury and slight circumstances may be sufficient. As to similar cases of sufficient corroboration, and of slight delay in reporting an attack because of fear or some other satisfactory reason, see *Bennett* v. *State*, 102 *Ga.* 656 (29 S. E. 918); *Pylant* v. *State*, 191 *Ga.* 587 (4) (13 S. E. 2d 380); *Lee* v. *State*, supra. Under the facts and circumstances disclosed by the record, the jury was authorized to find that the positive evidence of the girl alleged to have been raped was sufficiently corroborated to warrant a conviction; and the trial judge having approved the verdict, it will not be disturbed by this court on the ground that it is not supported by evidence. Accordingly, the general grounds of the motion for new trial are not meritorious.

5. There is no merit in the special ground of the amended motion for new trial. On the subject of corroboration, the court charged: "Now, gentlemen, you look to the evidence and see whether or not the testimony of [the named female] has been corroborated. You may look to all the circumstances surrounding the parties at the time of the alleged act. You may look to see whether there was any outcry upon her part at the time of the alleged crime, if there was a crime, and you may see whether or not she made any report at the time, whether or not she told anybody shortly thereafter, and whether or not her clothes were torn, and showed any signs of the act having been committed, and determine whether or not there is any corroboration of the testimony of the female alleged to have been raped." In the instant case, the girl alleged to have been raped testified positively that the accused had sexual intercourse with her forcibly and against her will, and, as we have previously held, the jury were authorized to find from the testimony of another witness and from inference logically drawn from circumstances that her evidence was sufficiently corroborated. Such being the case, the failure to give a charge more specific than the one given on the subject of corroboration, in the absence of an appropriate request therefor, was not error. *Washington* v. *State*, 138 *Ga.* 370 (3) (75 S. E. 253); *Howell* v. *State*, 160 *Ga.* 899 (11) (129

S. E. 436); *Suber* v. *State,* 176 *Ga.* 525, 534 (168 S. E. 585). The rule requiring corroboration in cases of this character was established for the purpose of furnishing the jury a criterion for ascertaining the degree of credit which should be given to the testimony of the injured female (*Smith* v. *State,* 77 *Ga.* 705); and it is well settled by numerous decisions of this court that a charge upon the rules respecting credibility is not required in the absence of an appropriate and timely request therefor. *Benton* v. *State,* 185 *Ga.* 254 (6) (194 S. E. 166), and cases there cited. In the present case there was no request for a charge on the necessity for corroboration.

6. The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

No. 17188. SEPTEMBER 13, 1950.

*Duke Davis,* for plaintiff in error.

*Eugene Cook, Attorney-General, Wright Lipford, Solicitor-General,* and *Robert E. Andrews,* contra.