tires and that he had already stopped the car before the arresting officer approached him, and that he was not intoxicated at the time.

### 36986. McPHERSON v. THE STATE.

TOWNSEND, Judge. To sustain a conviction for a felony, the testimony corroborating that of the accomplice must be sufficient to connect the defendant with the perpetration of the crime and tend to show his participation therein. *King* v. *State*, 77 *Ga. App.* 539 (49 S. E. 2d 196) ; *Crowe* v. *State*, 83 *Ga. App.* 325 (63 S. E. 2d 682). Slight evidence that a larceny was committed by the defendant and identifying him with it will corroborate the testimony of an accomplice and warrant a conviction. *Evans* v. *State*, 78 *Ga.* 351. It is not essential that the corroborating evidence shall in and of itself corroborate the testimony of the accomplice in every material particular. *Dixon* v. *State*, 116 *Ga.* 186 (42 S. E. 357). The corroborating circumstances should, however, be such as would lead to the inference that the defendant is guilty independently of the accomplice's testimony. *Welborn* v. *State*, 25 *Ga. App.* 327 (103 S. E. 193).

2. Applying the foregoing law to the facts here, evidence that the defendant showed interest in the boat shortly before its disappearance, that it was stolen by two men, that the defendant and the accomplice traveled together to several towns with the boat trying to sell it, and that the defendant eventually went to the person from whom it was stolen and offered to show him where it was, together with other facts, was sufficient evidence to corroborate testimony of the accomplice to the effect that he and the defendant stole the boat jointly. The trial court did not err in denying the motion for new trial.
*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 15, 1958.

*D. B. Phillips, H. E. Edwards,* for plaintiff in error.
*Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr.,* contra.
The defendant Dewey McPherson was jointly indicted with

J. T. Wilkerson in the Superior Court of Hall County for larceny of a motor boat. On the trial Wilkerson testified: that he had known the defendant about two years; that he and the defendant had been together in the place of business of Mr. Crowe, from whom the boat was stolen, before the boat was stolen and Crowe had showed them the boat at that time; that they decided to steal the boat and for that purpose left Duluth at about 10 p.m., and both of them pulled the boat out and hooked it onto Wilkerson's car; that they took it to Cordele for the purpose of selling it, as well as Ashburn and Fitzgerald; that they attempted to sell the boat to the proprietor of a filling station out of Cordele who offered them $500 if they would leave the boat there and come back the next day; that two days later the man informed him "the boat was in trouble" and he returned with McPherson and talked with State patrolmen concerning the boat; that the defendant then went to Crowe and told him where the boat was and the reason for this was that after they sobered up they realized they were in the wrong; that it had been raining shortly before the boat was taken; that originally he stated he bought the boat from a man named White, but this was not true; that at first he took all the blame and covered up for the defendant, but this was not true either.

The corroborative evidence is as follows: It had just rained and there were clear tracks of two men's footprints where the boat was dragged out. Wilkerson and McPherson took the boat around through Ashburn, Fitzgerald and Cordele as described by Wilkerson. Both men tried to sell the boat to Mathis, although at the time McPherson stated that it was Wilkerson's boat, that Wilkerson had bought it from a man in Texas and that Wilkerson owed him money. The defendant had been to see Crowe before the boat was stolen and had talked to him about it. Further evidence showed that after the State Patrol, on information received from Mathis, began its investigation of the boat and this became known to the defendant, he went back to Crowe and told him he thought he knew where the boat was; that he had furnished $375 to a man in Atlanta to haul whisky, and the man told him he had swapped the whisky for the boat; that he had become suspicious and hired a detective to trace the boat and thus found out it belonged to Crowe, and he offered to take

Crowe to where the boat was, whereupon Crowe offered him a $100 reward for its return. The defendant contended in his statement that he thought Wilkerson had bought the boat by trading whisky for it, that Wilkerson owed him $300 which he had not repaid owing to his being fired for stealing, which defendant knew at the time, and that later he heard some talk of a boat having been stolen from Crowe and went over to see him about it. He stated that he had been hunting with three other people on the night of the theft and one of them, Hambrick, testified to the fact that the defendant had been hunting that night and until 5:30 the next morning.

The defendant after conviction filed his motion for new trial on the general grounds only, which was denied. The exception is to this judgment.