20057. DOBBS *v.* THE STATE.

Submitted May 12, 1958—Decided June 4, 1958.

*Wm. H. Burke*, for plaintiff in error.

*Luther C. Hames, Jr., Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General*, contra.

WYATT, Presiding Justice. 1. We deem it unnecessary to set out the evidence in detail. Suffice it to say that the testimony of the female alleged to have been raped was amply sufficient to prove the offense of rape. The only argument made by the plaintiff in error insofar as the general grounds are concerned

is that the evidence of the alleged victim was not sufficiently corroborated. We therefore look to the evidence on the question of corroboration.

The female testified that the defendant entered her home at night; that she shot him; that he then shot her; that her panties were left on the floor. All of this testimony was corroborated by other testimony. The fact that she went to the home of her nearest neighbor who carried her to the hospital was corroborated. Her neighbor, Mr. C. C. Cartee testified: "She did make a complaint as to what had occurred to her." Dr. John M. Hodges testified that when the female alleged to have been raped reached the hospital she told him, "that she was attacked and shot." "This court has frequently held that the corroborating evidence need not be of itself sufficient to convict the accused, but the quantum of corroboration is left entirely to the jury." *Harper* v. *State*, 201 *Ga.* 10, 19 (39 S. E. 2d 45) and cases there cited. The corroboration in this case was sufficient to authorize the verdict.

2. Special ground 1 complains that testimony was unlawfully admitted. The record discloses that the trial judge, when the objection was made, stated that he would hear the testimony and then pass upon its admissibility. No further ruling was invoked after the testimony had been given. This court has repeatedly held that under these circumstances there is nothing for this court to pass upon.

3. Special grounds 2 and 3 complain because the court permitted a coat and a rifle that had been introduced in evidence to go to the jury room with the jury during its deliberation. "The jury is entitled to have out with it all evidence introduced." *Hall* v. *State*, 213 *Ga.* 557 (6) (100 S. E. 2d 176) and cases there cited.

4. Special ground 4 complains of the charge of the court with reference to the corroboration of the testimony of the female. It is conceded that the charge as given was a correct abstract principle of law, but it is contended that the judge should have gone further and defined certain words used in this portion of the charge. In the absence of a request to charge, this does not amount to error, even if it would have been error if a proper request had been made.

5. Special ground 5 complains of the following excerpt from the charge of the court: "In this case the court instructs you that certain testimony has been given by certain witnesses who have appeared and been sworn and testified before you who are in law termed expert witnesses. In this connection I charge you that while in cases such as the one being tried the law receives the evidence of experts as to certain matters and science, such as medicine, psychiatry, psychology and similar sciences of facts originating from the person's knowledge of particular matters, I charge you that the weight to be given to the testimony of expert witnesses is a question to be determined by the jury. In other words, the testimony of an expert like that of any other witness is to be received by you and given such weight and credit as you think it is entitled to receive under the law." The complaint made as to the excerpt is as follows: "(a) It was confusing to the jury for the reason that it did not instruct the jury that it could not consider the testimony of the expert witness, R. R. Smith, and the expert witness, Dr. W. B. Matthews, unless and until it, the jury, had first found that the physical things concerning which these expert witnesses testified had, in fact, come from the sources from which the State contended they came.

"(b) It was misleading to the jury in that it led the jury to suppose that testimony from an expert witness as a matter of law is subject to the same rules of law as is testimony from an ordinary witness, and that no different rule of law applied to such testimony."

The charge was not error for the reasons assigned. The excerpt from the charge is a correct statement of a principle of law.

6. Special ground 6 excepts to the charge of the court on the question of flight. It is conceded that the charge on the question of flight stated a correct principle of law. This court has repeatedly held that when a correct principle of law is given in charge to the jury, that an exception to that portion because some other principle of law was not given, is not a valid exception.

7. It follows, the judgment under attack was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*