23656. JONES v. THE STATE.

MOBLEY, Justice. The defendant was tried, convicted and sentenced for the offense of rape. The appeal is from that judgment. Errors enumerated are that the verdict was contrary to the evidence, without evidence to support it, and that the testimony of the victim was not corroborated.

The victim testified that she had gotten her husband off to work a little before 7 a.m., and then went back to bed and was asleep; that when the defendant opened her bedroom door she was awakened; that she sat up in bed and hollered and screamed and he jumped over on the bed, put his hands over her mouth, began hitting her and told her to shut up before he hurt her; that he forced her to have intercourse with him; that she tussled with him but was unable to handle him; that she told him her monthly sickness was on but that made no difference to him; that he then made her give him her husband's coat, so he could get rid of his prison coat, and he forced her to fix him something to eat and then left; that she then dressed and went over to Mrs. Lorine Tanner who lived about ¼ mile away and reported to her what had happened. Mrs. Tanner corroborated the victim's testimony, stating that she came to her house about 8:30 a.m., reported

that she had been raped by an escaped prisoner, that she was terribly upset, "quivering and jerking so I thought she was going to drop her baby"; and that she tried to get her to drink some coffee but she was too upset to do so, and that "she was just scared nearly to death." The sheriff testified that the matter was reported to him and that he immediately went to Mrs. Tanner's home, where he talked with the victim who was in the kitchen in a frightened condition, nervous and upset, embarrassed and scared. The defendant, who was an escaped prisoner from the county prison camp, was captured by the sheriff and other officers within a few hours. The victim was examined by a physician some four or five hours after the intercourse, who testified that she was menstruating, that no sperm was found, but because of so much blood there was doubt in his mind whether he could have found it, if there, and that she was upset but not hysterical when he saw her. There was no evidence of injuries to her. The defendant made a statement in which he admitted having intercourse with the victim but said it was voluntary on her part. He denied that she was menstruating. *Held:*

The evidence was amply sufficient to support the jury's verdict. The victim's testimony as to the intercourse was admitted by the defendant and, without considering the question of whether there can be a conviction for rape on the uncorroborated testimony of the female upon whom the alleged offense is committed, about which there is a difference of opinion among the members of this court (see *Strickland v. State,* 207 Ga. 284 (2) (61 SE2d 118) ; *Harper v. State,* 201 Ga. 10 (39 SE2d 45)), the testimony of the victim was strongly corroborated, as the statement of the evidence above shows.

*Judgment affirmed. All the Justices concur.*

Submitted September 12, 1966—Decided October 7, 1966.

*Casey Thigpen,* for appellant.

*Walter C. McMillan, Jr., Solicitor General, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General,* for appellee.