## 27260. MORGAN v. THE STATE.

HAWES, Justice. Morgan, having been found guilty on both counts of a 2-count indictment charging him with burglary and rape, and having been sentenced to serve consecutive terms of 5 and 20 years respectively on each count, moved for a new trial on the general grounds. That motion having been overruled he appealed.

1. Before this court appellant argues the general grounds of his motion for a new trial solely as the evidence relates to the charge of rape. He contends that his conviction depends solely on the uncorroborated testimony of the victim. He bases this contention on the fact that no independent objective evidence of penetration was adduced. This contention is not meritorious. Whatever quantum of corroboration may be needed in a rape case (as to this, see *Griffith v. State,* 176 Ga. 547 (168 SE 235)), it is plain that the corroboration need not itself be sufficient to convict the accused. *Harper v. State,* 201 Ga. 10, 19 (39 SE2d 45); *Strickland v. State,* 207 Ga. 284 (3) (61 SE2d 118); *Dobbs v. State,* 214 Ga. 206, 207 (104 SE2d 121). Therefore, it is not necessary that the prosecutrix' testimony as to the actual consummation of the crime be corroborated by expert medical testimony (*Mitchell v. State,* 225 Ga. 656, 658 (171 SE2d 140)), nor by evidence that a smear taken from the vagina of the female shortly after the alleged rape disclosed the presence of sperm. *Ford v. State,* 227 Ga. 279, 280 (180 SE2d 545). Slight circumstances may be sufficient corroboration. *Smith v. State,* 161 Ga. 421, 423 (131 SE 163); *Strickland v. State,* supra. Ultimately, the question of whether the

testimony of the female has been corroborated is one solely for the determination of a jury under proper instructions of the court. *Suber v. State,* 176 Ga. 525, 533 (168 SE 585); *Wright v. State,* 184 Ga. 62, 69 (190 SE 663); *Dorsey v. State,* 204 Ga. 345, 347 (49 SE2d 886); *Strickland v. State,* supra (hn. 3). Therefore, if there be any corroborative evidence at all, this court will not pass upon its probative value, since the verdict of the jury under proper instructions has resolved that issue. *Dorsey v. State,* supra. In this case, the attack occurred in the early hours of the morning. The victim made an immediate complaint when she telephoned a friend and requested that she and her husband come over to her apartment where the alleged attack had occurred so that she could return to their home with them. She did not immediately, when her friend arrived, state that she had been attacked, but waited until she was alone with her friend and out of the presence of the friend's husband. This is consistent with the natural feeling of embarrassment that a virtuous female would have to discuss such matters in the presence of a man. Furthermore, the evidence shows that when her friend and her husband arrived at the victim's apartment and for several hours thereafter, she was upset, crying, and in an extremely nervous condition. A smear which was taken later in the day failed to reveal evidence of sperm because, as the evidence shows, the victim had taken a bath and other hygenic measures in the meantime. There was, however, objective evidence of physical injuries which had been inflicted upon her. In addition, the evidence shows that after the rape was perpetrated the accused attempted to make a date with his victim and that she arranged such a meeting for the following evening. When she met the accused pursuant to this arrangement a police officer was hidden in the floorboard of her automobile, and when the accused discovered his presence he fled the scene and was not apprehended until several hours later. These were all circumstances in corroboration of the testimony of the

injured female and we cannot say that they were not sufficient to authorize the jury to find under proper instructions from the court that the witness had been sufficiently corroborated. The evidence clearly was sufficient to authorize the verdict of guilty.

2. The police officer who accompanied the victim to the pre-arranged meeting with the accused testified that, after the accused discovered his presence in the victim's automobile and fled, he made a search of the automobile which had been driven to the scene by the accused and was subsequently determined to belong to the accused and discovered therein, among other things, a .22 caliber pistol. This testimony was objected to on the grounds that it was irrelevant and put the defendant's character in issue. After the objection to this evidence was overruled, counsel for the defendant moved for a mistrial because, as he contended, to permit this evidence to be presented to the jury was so prejudicial and harmful that its effects could not be erased by mere instructions of the court to disregard it. The court overruled the motion for a mistrial, and both of these rulings form the basis for one of the grounds of enumerated error. While the accused was not arrested until the following night when he went to the hospital to be treated for a gunshot wound inflicted upon him when he fled the scene of the meeting with his victim, nevertheless, under the facts of this case this testimony was admissible under the rule that "evidence as to the time when and the place where arrested, the manner of the arrest, how the accused was armed, and whether he resisted, and *all the circumstances connected with the arrest,* are proper matters to be submitted to the jury to be weighed by them for what they are worth." *Clements v. State,* 226 Ga. 66 (1) (172 SE2d 600). (Emphasis supplied.) This ground shows no cause for reversal.

3. During the trial of the case a witness for the defendant, on cross examination, showed considerable reluctance to directly answer the questions propounded to him by the district attorney. On several occasions, counsel for the

defendant objected to the manner in which the district attorney was cross examining the witness, contending that the district attorney was arguing with the witness. The court sustained some of these objections and overruled others. At one point, counsel for the defendant interposed a similar objection and the court said, "He has a right to search him on cross examination, specially where the witness might hesitate to answer. I will let him do that." Counsel for the defendant did not immediately object to that remark, but after further examination of the witness and colloquy between the court and counsel, made a motion for a mistrial on the ground that such remark was a prejudicial comment respecting the credibility of the witness and encroached upon the jury's prerogative to determine the credibility of the witness. This contention cannot be sustained. In his charge to the jury, the judge fully instructed the jury as to its duty and prerogative to determine the credibility of the witnesses. No harmful error is shown by this ground.

4. Evidence as to the conduct, appearance, and reaction of the rape victim during a period beginning two days after the alleged attack and continuing for a period of approximately 6 weeks, such evidence being given by a relative of the victim with whom she went to live after the attack, was relevant as corroborative of the victim's testimony and of the fact that the attack had actually taken place. Furthermore, counsel for the defendant upon cross examining the witness questioned her further about the conduct of the victim during the same period of time, and thus, in effect, ratified the previous testimony given on direct examination as to the victim's conduct during such period.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 12, 1972—DECIDED OCTOBER 5, 1972.

*Archie L. Gleason,* for appellant.

*R. William Barton, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant*

536

*Attorney General, Courtney Wilder Stanton, Richard S. Gault, Assistant Attorneys General,* for appellee.