### 47587. PITTS v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of burglary. He was sentenced to serve 20 years. The appeal is from that judgment, in that his conviction was based upon the uncorroborated testimony of an accomplice, and insufficient evidence to support the verdict. *Held:*

The State contends that Summerville, Pitts and another, who were drug addicts, met in Atlanta and entered into a conspiracy to burglarize a drug store in order to steal drugs which they much needed at the time. Defendant Pitts was convicted, and on appeal he contends that the testimony of the accomplice was not sufficiently corroborated to sustain a conviction.

Dr. George Luna, pharmacist, testified that he was called by a policeman to come to the Luna Drug Store in Hampton, Georgia, on the early morning of September 29, 1971; that he reached the drug store around 3:15 a. m. and found that the door had been pried open and a burglary committed, including the theft of narcotics.

Summerville, the accomplice, testified that he and defendant Pitts and another met together in Summerville's apartment in Atlanta on the preceding night; that they were all drug addicts, had no money and were in need of drugs; that they agreed to burglarize a drug store and steal narcotics therefrom; that in pursuance of this agreement they left Atlanta after midnight and drove an automobile to a drug store

in Hampton which resulted in the Luna Drug Store being burglarized.

All of the above testimony by the accomplice was corroborated by defendant Pitts in his unsworn statement to the jury. He stated to the jury: "My name is Clyde Pitts and *most of what David Summerville told you is true*. We did meet in Atlanta and decided to come down to Hampton to commit a burglary of George Luna's Drug Store. We did leave Atlanta and come down I-75, and we went into Hampton. We drove past the drug store and David told us where there would be a police officer, so we went there and the police officer was there . . ." (Emphasis supplied.)

Without going any further, and completely disregarding the testimony of the accomplice, it is submitted that the foregoing constitutes sufficient evidence on which to base a conviction. The defendant admitted that he conspired and agreed to burglarize the Luna Drug Store; admitted that he was a drug addict, and desperate for drugs, that he drove from Atlanta to Hampton on the night in question for the purpose of burglarizing the Luna Drug Store. At a time closely coinciding with Pitts' arrival in Hampton, it was discovered that the very drug store he had planned to burglarize was indeed entered and burglarized; among the missing articles was a large quantity of narcotics, an item of drugs which defendant said he badly needed. We repeat, Dr. Luna's testimony and defendant's statement constituted sufficient evidence to uphold a conviction.

But there was also sufficient corroboration of the testimony of the accomplice for a conviction. It is quite true that defendant Pitts stated to the jury that he changed his mind about the burglary and did not enter the drug store, and took no part in the burglary "other than knowing about it." The accomplice testified that Pitts actually entered the drug store and burglarized it, while the accomplice remained outside as a look-out. Thus, they were sharply contradictory as to who entered the drug store. However, the law specifically

lays down the rule that if the accomplice is *corroborated in material parts of his testimony,* then he may be believed by the jury as to other material parts as to which there is no corroboration. That is set forth in Code § 38-121.

The following authorities govern this matter and show plainly the extent of corroboration that is required in such cases:

1. It is not essential that the testimony of the accomplice shall be corroborated in every material particular. *Dixon v. State,* 116 Ga. 186 (7) (42 SE 357); *McPherson v. State,* 96 Ga. App. 839 (1) (101 SE2d 750).

2. It is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. *Waldrop v. State,* 221 Ga. 319 (1) (144 SE2d 372).

3. Such corroborating circumstances need not be enough to amount to another witness or sufficient to support one to that extent. *Ransone v. Christian,* 56 Ga. 351 (4).

4. Slight evidence of corroboration connecting defendant with the crime is sufficient. *Lindsey v. State,* 227 Ga. 48, 52 (178 SE2d 848); *Hargrove v. State,* 125 Ga. 270, 275 (54 SE 164); *Whaley v. State,* 177 Ga. 757 (3) (171 SE 290).

5. The sufficiency of corroboration of the accomplice is entirely a matter for the jury. *Potts v. State,* 86 Ga. App. 779 (4) (72 SE2d 553). And if there be *some* corroborating testimony, this court will not say the evidence did not authorize the verdict. *Walters v. State,* 41 Ga. App. 570 (2) (153 SE 925).

In other words, if the accomplice is shown to be truthful (corroborated) as to certain material matters he may be believed *without corroboration* as to other material matters. Was the accomplice so corroborated? The defendant himself began his statement to the jury with a strong endorsement of the veracity of the accomplice,

when he stated: "Most of what David Summerville told you is true."

Were the matters on which the accomplice was corroborated by the defendant material? Did they tend to connect the defendant with the crime? Surely both of these tests are met. The corroboration included facts showing that both accomplice and defendant were drug addicts and in need of drugs; both agreed and conspired to burglarize a drug store in Hampton, Georgia; both of them rode together in an automobile to Hampton after midnight for the specific purpose of burglarizing the Luna Drug Store. Now another witness comes on the scene and corroborates the accomplice. Dr. George Luna testified that his drug store was indeed burglarized on the very night the accomplice and defendant planned and agreed to burglarize it; he discovered the burglary shortly after they arrived in Hampton in the early hours of the morning; he found that a large quantity of narcotics had been stolen.

With the accomplice corroborated on all of these important details, criminal in nature, which tended to connect defendant with the crime, did the jury have the right to believe the accomplice as to the identity of the person who did commit the burglary? We respectfully submit that there was an over-abundance of evidence in this case sufficient on which to base a verdict of guilty of burglary. In a quite recent decision by the Supreme Court of Georgia, to wit, *Morgan v. State,* 229 Ga. 532 (192 SE2d 338), that court, in discussing the sufficiency of corroboration as to rape, held: "Whatever quantum of corroboration may be needed in a rape case . . . it is plain that *the corroboration need not itself be sufficient to convict the accused,"* citing *Harper v. State,* 201 Ga. 10, 19 (39 SE2d 45); *Strickland v. State,* 207 Ga. 284 (3) (61 SE2d 118); *Dobbs v. State,* 214 Ga. 206, 207 (104 SE2d 121). (Emphasis supplied.)

*Judgment affirmed. Hall. P. J., Eberhardt, P. J., and Pannell, J., concur. Deen, J., concurs specially. Bell, C. J., Quillian, Clark and Stolz JJ., dissent.*

ARGUED OCTOBER 2, 1972 — DECIDED FEBRUARY 12, 1973 — REHEARING DENIED MARCH 8, 1973 — ▮

*Glenn Zell,* for appellant.

*Edward E. McGarity, District Attorney,* for appellee.

DEEN, Judge, concurring specially. The corroboration test is that the circumstances, independent of the testimony of the accomplice, lead to the inference that the defendant is guilty. *Dennis v. State,* 201 Ga. 53 (38 SE2d 832). If we assume that instead of the defendant admitting he went to Hampton we had the testimony of, say, the policemen both men testified they saw, and the policemen said they saw Pitts and Summerville riding in the car, and this was shortly before the burglary, and Summerville admitted he burglarized the store, this would be sufficient corroboration to support a guilty verdict as to Pitts.

Instead of a third person placing him near the scene, Pitts places himself near the scene with intent to burglarize. He then says that after seeing the policemen the three conspirators drove to the edge of town and there he changed his mind, a fight occurred, and they ejected him from the car. If the defendant had sworn to this state of facts, I might be inclined to suggest that this explanation, like that of one who admits a homicide based on an explanation which exonerates him, is entitled to have the admission considered only in connection with the whole explanation. But this defendant made an unsworn statement, which entitles the jury to accept it in part and reject it in part. It "shall have such force only as the jury may think right to give it." Code Ann. § 38-415. Obviously they believed he was with Summerville and did not believe he was put out of the car before

Summerville stole the drugs. I believe this sufficient corroboration to justify an affirmance.

BELL, Chief Judge, dissenting. To sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty, and more than sufficient to merely cast on the defendant a grave suspicion of guilt. Code § 38-121; *Allen v. State,* 215 Ga. 455 (2) (111 SE2d 70). The only evidence in this burglary case that connects the defendant with the commission of the crime is the testimony of an accomplice, a co-indictee. The defendant in his statement, while admitting that he did join with two other individuals to proceed from Atlanta to Hampton to burglarize a drug store, stated that he withdrew from this intended criminal venture about 3 miles from Hampton and took no part in the burglary. This admission of an intention to commit the crime plus his later withdrawal will not make the defendant a person concerned in the commission of a crime under amended Code § 26-801 and is insufficient to corroborate the testimony of the accomplice. Thus the evidence is insufficient to sustain the conviction and the judgment below should be reversed.

I am authorized to state that Judges Quillian, Clark and Stolz concur in this dissent.