### 32154. JOHNSON v. THE STATE.

BOWLES, Justice.

The appellant, Nick Johnson, was convicted of rape, kidnapping and aggravated sodomy. He was sentenced to three twenty-year terms to run consecutively. Appellant filed a motion for new trial on the general grounds and upon denial of his motion he appealed to this court.

The following evidence was introduced: On the night of June 13, 1976, the victim was at her mother-in-law's house where she got into a verbal altercation with her husband, which resulted in her leaving the house at approximately 2 o'clock in the morning. The victim walked one or two blocks before a van, occupied by appellant and another male, masquerading as FBI agents, stopped and asked her if she wanted a ride. The victim testified that she got into the van. Once inside, the appellant drew a knife to her neck and the other man held a gun to her head. The victim begged the men not to kill her because she had eight children. The men told her they "didn't give a damn how many children" she had. The men then took her to a trailer where they told her to take off her clothes. Both men forced her to engage in intercourse. Appellant forced the victim to commit sodomy upon him. At approximately 7 a.m. the victim was told she was being taken home. She told the two men that she lived in the house that was actually across the street from her real residence. When they arrived, the men asked the victim if she had any sisters, to which the victim replied, "Yes." They also asked if she had any food stamps, and the victim said she did. The men then instructed her to bring her sister out to meet them, together with the food stamps.

When the victim got out of the van she went to her neighbor's apartment directly across the street from hers, while appellant and his companion waited for her to return. She told her neighbor what had happened and the police were immediately called. When a police officer arrived at the scene the victim told the officer she had been raped and that the men who had raped her were across the street waiting for her in a van. The officer

approached the van and found its only occupant to be the appellant who was asleep on the front seat. The officer testified that the victim was in an excited and hysterical state. Further, the officer testified that a thorough search of the van turned up neither a gun nor a knife. The victim was examined at Grady Memorial Hospital and sperm was found to be present in her vagina. At the trial the appellant admitted that he had sexual intercourse with the victim but stated that it had not been against her will. He testified she had not been threatened by violence nor had any weapons been used to coerce her consent. Appellant's companion testified that the appellant and the victim had been heavily drinking that night and that the victim had disrobed and had voluntarily engaged in intercourse with the appellant.

Appellant argues "general grounds." The trial judge overruled the motion for a new trial on the general grounds leaving the only matter for this court to consider whether or not the evidence was sufficient as opposed to determining the weight of the evidence. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976). "The weight of the evidence was considered by the jury at the trial and by the trial judge ruling upon the general grounds. *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461) (1974); *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891) (1948); *Seaboard A. L. R. Co. v. Benton,* 43 Ga. App. 495, 505 (159 SE 717) (1931)." Id. p. 149. Also see *Mitchell v. State,* 236 Ga. 251, 257 (223 SE2d 650) (1976); *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583) (1975).

Under the facts in this case, the jury's verdict finding the accused guilty as charged was supported by sufficient evidence. In a prosecution for rape, corroborating evidence need not be of itself sufficient to convict the accused. Slight circumstances may be sufficient corroboration. *Jones v. State,* 222 Ga. 601 (150 SE2d 924) (1966); *Strickland v. State,* 207 Ga. 284 (61 SE2d 118) (1950); *Smith v. State,* 161 Ga. 421, 423 (131 SE 163) (1925). "Ultimately, the question of whether the testimony of the female has been corroborated is one solely for the determination of a jury under proper instructions of the court. [Cits.] Therefore, if there be any corroborative evidence at all, this court will not pass upon its probative

value, since the verdict of the jury under proper instructions has resolved that issue." *Morgan v. State,* 229 Ga. 532 (192 SE2d 338) (1972); *Bryant v. State,* 229 Ga. 60, 63 (3) (189 SE2d 435) (1972).

In the present case, the following evidence was introduced in order to corroborate the testimony of the victim: (1) the victim's immediate outcry to her neighbors and the police; (2) the excitable and hysterical condition of the victim immediately following the rape; (3) the presence of sperm in the victim's vagina; (4) the appellant's admission of intercourse with the victim.

We find that there was sufficient evidence to support the jury's finding that the victim's testimony was corroborated. Thus the evidence supported a verdict of guilty on the charge of rape.

In regard to the kidnapping and aggravated sodomy charges, the jury was authorized in view of the evidence to believe the testimony of the state's witnesses and disbelieve those of the appellant. The state's evidence was sufficient to support each charge. *Clenney v. State,* 229 Ga. 561, 563 (192 SE2d 907) (1972); *Stewart v. State,* 128 Ga. App. 11 (195 SE2d 251) (1973).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 1, 1977 — DECIDED
MAY 25, 1977.

*Robert C. Ray,* for appellant.

*Lewis R. Slaton, District Attorney, R. David Petersen, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.