## 54521. FELIX v. THE STATE.

DEEN, Presiding Judge.

Appellant and Jerry Lewis Cameron were indicted on three counts of forgery in the first degree. Cameron pled guilty to all three counts and testified for the state at the trial of appellant that Felix came to his house with three checks and asked him to fill them out because appellant could neither read nor write. Cameron made out the checks according to appellant's instructions and they went together to local businesses to cash them. Felix remained in the car while Cameron cashed the checks. Shortly after the last check was cashed, appellant's automobile was stopped by a local police officer who had been advised to be on the lookout for a 1964 black Ford Fairlane automobile containing two young black men who were wanted for passing out checks. When the officer asked appellant for some identification, he drove off. They were later apprehended by police officers at a roadblock. A search of the men produced several hundred dollars in Cameron's pockets, but no money was found on appellant.

Appellant seeks reversal of his conviction on three counts of forgery in the first degree on the grounds that the verdict was not authorized by the evidence because Cameron's testimony was not supported by sufficient

corroborating evidence.

Code Ann. § 38-121 provides: "The testimony of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made in specified cases; such as . . . in any case of felony where the only witness is an accomplice . . . — in these cases . . . corroborating circumstances may dispense with another witness."

The Supreme Court of Georgia has held that the rule of accomplice corroboration requires ". . . corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty, and more than sufficient to merely cast on the defendant a grave suspicion of guilt. *Price v. State,* 208 Ga. 695 (3a) (69 SE2d 253); *Allen v. State,* 215 Ga. 455 (2) (111 SE2d 70)." *Pritchard v. State,* 224 Ga. 776, 778 (164 SE2d 808). "[T]he testimony of an accomplice must be corroborated by independent evidence as to the identity and participation of the accused which tends to connect the accused with the crime or leads to the inference that he is guilty." *Birt v. State,* 236 Ga. 815, 825 (225 SE2d 248). However, "[i]t is not essential that the testimony of the accomplice shall be corroborated in every material particular. *Dixon v. State,* 116 Ga. 186 (7) (42 SE 357); *McPherson v. State,* 96 Ga. App. 839 (1) (101 SE2d 750) . . . [s]light evidence of corroboration connecting defendant with the crime is sufficient. *Lindsey v. State,* 227 Ga. 48, 52 (178 SE2d 848); *Hargrove v. State,* 125 Ga. 270, 275 (54 SE 164); *Whaley v. State,* 177 Ga. 757 (3) (171 SE 290). The sufficiency of corroboration of the accomplice is entirely a matter for the jury. *Potts v. State,* 86 Ga. App. 779 (4) (72 SE2d 553). And if there be *some* corroborating testimony, this court will not say the evidence did not authorize the verdict. *Walters v. State,* 41 Ga. App. 570 (2) (153 SE 925)." *Pitts v. State,* 128 Ga. App. 434 (197 SE2d 495).

A review of the transcript reveals that the above quoted requirements have been met in this case. All the parties who received forged checks testified that receipt occurred on the date appellant was apprehended. One witness testified that two "colored boys" were involved in the forged check scheme at his place of business less than

an hour prior to their apprehension by police. He identified Cameron and the automobile involved although he could not positively identify appellant as the man who remained in the automobile while Cameron cashed the check. The police officer who stopped the automobile testified there were two black men in a Ford Fairlane who refused to answer her questions. The arresting officer testified that the young men in the automobile attempted to avoid the roadblock. Appellant admits driving around with Cameron on the day in question and being in the automobile which was stopped at the roadblock. When the evidence is viewed in its entirety, it is sufficient to support the jury verdict.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1977 — DECIDED SEPTEMBER 30, 1977.

*Trotter & Zachry, Alfred F. Zachry,* for appellant.
*William F. Lee, Jr., District Attorney, R. William Buzzell, II, Assistant District Attorney,* for appellee.