## 58395. TENANT v. THE STATE.

UNDERWOOD, Judge.

Tenant was convicted in the Superior Court of Richmond County of the offenses of kidnapping and rape. He appeals, enumerating as errors his contentions that (1) the testimony of the prosecutrix was not corroborated, as required by law; (2) the trial court erred by allowing hearsay testimony of a witness as to what the prosecutrix told the witness; (3) the trial court erred by admitting a photograph, over objection, without a proper foundation being laid; (4) the trial court erred by sustaining an objection to a question on cross examination relating to the nature, character and reputation of a nightclub frequented by the prosecutrix; (5) the trial court erred by sustaining the state's objection to questions relating to appellant's knowledge of the prosecutrix' sexual activity; (6) the trial court erred by instructing the jury to disregard testimony not objected to; and (7) the Act of the General Assembly prohibiting inquiry into the sexual conduct of a prosecutrix in a rape case is unconstitutional as it violates the Sixth and Fourteenth Amendment to the U. S. Constitution, and if not unconstitutional per se, it is unconstitutional as applied in this case.

Testimony established that at approximately 5:30 p.m. on November 26, 1977, the prosecutrix was at a bus stop in Augusta when a car drove up and stopped and its occupants forced her at gunpoint to get in the back seat. Tenant was the driver of the car. She was taken to an underpass where Tenant raped her, after a struggle in

which she was struck at least twice.

Subsequently, Tenant held a gun while his companion raped her. Her abductors then drove her to a point about a block from the home of her friend, Mrs. Pryor, and released her suggesting to her that she would be killed if she told anyone what had happened. She ran to the porch of Mrs. Pryor's home, where Mrs. Pryor found her crying and hysterical. She was bleeding from the mouth and had a bruise on her hairline. The police were called and the prosecutrix described the two men and said they were driving a blue car. She was taken to a hospital where a pelvic examination confirmed that she had been involved in sexual activity within a short period of time preceding the examination. In February or March of the following year she saw Tenant driving a blue Pontiac; she got the license number, notified the police and Tenant was arrested.

1. There is ample corroboration of the prosecutrix' testimony. The examining doctor testified that she had a laceration of the mouth and an abrasion of the cheek. This is consistent with her testimony that Tenant struck her with his fist, and with Mrs. Pryor's testimony that her lip was bleeding and she had a bruise on her hairline. The detective who investigated the incident also testified that when the incident was reported she was upset and crying and she had a "busted lip" and a "big skinned place" on her right cheek. The Supreme Court has held that "[i]n a prosecution for rape, corroborating evidence need not be of itself sufficient to convict the accused. Slight circumstances may be sufficient corroboration." *Johnson v. State,* 239 Ga. 116, 117 (236 SE2d 65) (1977). Accord, *Haney v. State,* 144 Ga. App. 885 (242 SE2d 757) (1978).

2. Appellant's second enumeration of error is without merit, for even assuming that Mrs. Pryor's testimony was not within the exception to the hearsay rule relating to outcry, the other evidence relating to her emotional state and physical condition immediately after the incident is sufficient to warrant a conviction without consideration of what the prosecutrix told Mrs. Pryor. Thus, any error was harmless. *Shepherd v. State,* 239 Ga. 28, 29 (235 SE2d 533) (1977).

3. Appellant contends the trial court erred by

admitting, over objection, a photograph of a blue Pontiac belonging to his mother. The prosecutrix identified the photograph as a picture of the blue Pontiac appellant was driving when she was picked up at the bus stop. A proper foundation was laid for admission of the photograph into evidence, as the quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter within the discretion of the court. *Johnston v. State,* 232 Ga. 268 (1), 270-271 (206 SE2d 468) (1974). After reviewing the evidence we find no abuse of discretion in admitting the photograph.

4. Appellant next contends the trial court erred in refusing to admit testimony relating to the "character" or "reputation" of the High Hat Club frequented by both the prosecutrix and Tenant. Defense counsel attempted to cross examine the investigating detective about the character of the places in which the prosecutrix "hangs out" and an objection to such testimony was sustained as not being relevant. Appellant contends such testimony has a bearing on the prosecutrix' credibility. Code Ann. § 38-201 provides "[t]he evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." We fail to see how the "character" of the High Hat Club, without more, would relate to the credibility of the prosecutrix or bear either directly or indirectly on any issue being tried; accordingly, it was properly excluded.

5. With regard to Enumerations 5 and 6, Code Ann. § 38-202.1 provides, in pertinent part, that "[i]n any prosecution for rape, evidence relating to the past sexual behavior of the complaining witness shall not be admissible ... except as provided in this section ... (a) In any prosecution for rape, evidence relating to the past sexual behavior of the complaining witness may be introduced if the court ... finds that the said past sexual behavior directly involved the participation of the accused or finds that the evidence expected to be introduced supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of." Tenant was allowed to testify that "I had sex with her one time." The

question was then asked "Who else to your knowledge has had sex with her?" and the state objected. The trial judge sustained the objection, and instructed the jury to disregard any testimony given by Tenant with reference to any previous relation he had with the [prosecuting] witness, because it was expressly prohibited by statute. Thereafter, on cross examination, the state tried to bring out that the accused "had sex" with the prosecutrix and was directed by the court not to go into that matter; however, the court did permit the prosecuting attorney to ask Tenant if he had any contact with the prosecutrix on the date of the incident. We do not find the ruling complained of erroneous, because Code § 38-202.1 (a) provides that such evidence "may" be introduced and sets out the procedure to be followed if the defense desires to introduce such evidence. That procedure requires the defense to notify the court of his intention, whereupon the court shall conduct an in camera hearing to examine into defendant's offer of proof. Code Ann. § 38-202.1 (b). If the court finds such evidence admissible it will state what may be introduced, and in what manner it may be introduced. This procedure was not followed, as the defense did not express its intention of going into such matters, and did not request an in camera hearing to determine if such evidence was admissible. In his brief appellant attempts to justify his failure to request such a hearing by suggesting that the court's ruling was such that no further showing or attempt would have been successful. However, this is impermissible speculation on appellant's part; additionally, the defense was required to inform the court of its intentions *prior* to offering such testimony, and it did not do so.

Accordingly, the trial court did not err, under the circumstances of this case, in refusing to allow such testimony and Enumerations 5 and 6 are without merit.

6. Appellant raised no constitutional issues at trial, and we have held that "[c]onstitutional questions not properly raised in the court below may not be considered by this court on appeal." *Lovett v. State,* 147 Ga. App. 699, 701 (3) (250 SE2d 32) (1978).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

*Richard L. Powell,* for appellant.
*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.